Bobby J. KEY, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 86–2010.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 9, 1986.

Decided Nov. 24, 1986.

Rehearing Denied Jan. 30, 1987.

Dennis L. Thomas, Jr., Bookwalter & Thomas, Indianapolis, Ind., for petition-appellant.

Robert C. Perry, Asst. U.S. Atty., Indianapolis, Ind., for respondent-appellee.

Before POSNER and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FLAUM, Circuit Judge.

Petitioner Bobby J. Key filed a section 2255 motion in federal district court asking that his conviction of conspiracy to defraud the United States Government be set aside. Key claims that the United States Attorney breached the plea agreement because the

I.R.S. later filed a jeopardy assessment, that permitted the I.R.S. to assess and collect the tax immediately without the usual formalities. Key alleges that the government thereby breached two implicit terms in the agreement because it promised not to interfere in a pending $2,000,000 loan Key was arranging and not to prosecute Key for any other related offenses. Petitioner also alleges that his guilty plea was not voluntarily entered into and that he was denied the effective assistance of counsel. In addition, Key argues that the district court erred in not granting him an evidentiary hearing under 28 U.S.C. § 2255. We agree with the district court that petitioner's first claim is meritless. We hold that Key's plea was voluntarily entered into, that he was not denied the effective assistance of counsel, and that the district court did not abuse its discretion in denying Key an evidentiary hearing on his section 2255 motion.

## I.

On April 17, 1984, Key and six other individuals were named as defendants in an eleven count indictment charging various tax offenses. Key was named in all eleven of the counts, and thus faced more than thirty years of incarceration. After four days of trial, Key and several of the other defendants, pursuant to negotiated plea agreements reached with the government, agreed to enter pleas of guilty to various charges. Their guilty pleas were entered on October 26, 1984. The I.R.S. filed a jeopardy assessment on October 30, 1984. On January 30, 1985, the petitioner was sentenced to a term of three years and ordered to pay a fine of $15,000. Key did not appeal his sentence.

On December 20, 1985, Key filed this motion under 28 U.S.C. § 2255.[1] On March 20, 1986, petitioner filed a Rule 32(d) motion to set aside his plea. The district court denied the defendant's two motions. The Rule 32(d) motion was denied as not being timely filed.

## II.

In this collateral attack, Key first alleges that certain representations were made to him that were not incorporated into the written plea agreement. Petitioner alleges the government promised him that it would not interfere with a $2,000,000 loan from BancAmerica that was then pending. The jeopardy assessment, which apparently interfered with the loan closing, was filed immediately following the entering of the plea agreement. Key argues that because no jeopardy assessment was ever mentioned, the government breached an implicit term not to prosecute Key for any other related offenses.

■ We agree with the district court that the allegation that the plea agreement was breached was merely "another attempt by Mr. Key to belatedly avoid the consequences of a voluntary plea of guilty." *United States v. Key*, No. IP 84–37–CR (S.D.Ind. May 14, 1986) (order denying 28 U.S.C. § 2255 motion). The petitioner's

---

1. Section 2255 states in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prison-

er is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. . . .

28 U.S.C. § 2255.

Thus, this case arises as a collateral attack to the proceedings rather than a direct appeal. "Relief will only be granted where the error is jurisdictional, constitutional, or is a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Haase v. United States*, 800 F.2d 123, 126 (7th Cir.1986) (citations omitted). We find that none of Key's objections are sufficient to necessitate relief under section 2255.

"Petition to Enter Plea of Guilty," which Key signed, states "no officer or agent of any branch of government, nor any other person, has made [a] promise or suggestion of any kind to me...." Moreover, we agree with the trial court that the defendant's allegations are not supported by the record. Key's assertion that the government, by filing the jeopardy assessment, breached an implied promise not to interfere with the BancAmerica loan is unsupported by the record. Furthermore, there is no basis in the agreement itself to support defendant's assertion that the plea agreement included promises that his loan would close. Finally, Key did not raise this issue at the disposition proceeding, which was held 90 days *after* the jeopardy assessment was filed against Key. We therefore find that petitioner's claim that the United States breached the plea agreement to be meritless.

### III. Rule 11

■ A guilty plea must be both a knowing and voluntary act. *Hill v. Lockhart,* — U.S. —, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985); *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *Machibroda v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962). To ensure this, Federal Rule of Criminal Procedure 11(d)[2] requires that the trial judge ask the defendant specific questions concerning the voluntariness of the plea agreement. This questioning creates a record that can be used in future appeals and collateral attacks. Furthermore, the record is entitled to a presumption of verity. Petitioner alleges that his plea was not voluntarily entered into. Key bases this argument on allegations that counsel made promises to him concern-

ing parole. We find that the record presumptively refutes this proposition. Because petitioner has not overcome this presumption, we reject his contention.

■ Rule 11 "provides protection for those who voluntarily choose to waive their constitutional right to a trial by pleading guilty while ensuring an adequate record to insulate the plea from appellate and collateral attacks." *Haase,* 800 F.2d 123, 126–27; *see generally Downs-Morgan v. United States,* 765 F.2d 1534, 1537–38 (11th Cir.1985) (general discussion of Rule 11). Rule 11 ensures a colloquy that "exposes the defendant's state of mind in the record through personal interrogation." *United States v. Fountain,* 777 F.2d 351, 356 (7th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986). Furthermore, the defendant's knowledge, understanding, and acknowledgement of the offense to which he is pleading is made a part of the record.

■ The Rule 11 questioning has special importance to collateral proceedings. In *Thompson v. Wainwright,* 787 F.2d 1447 (11th Cir.1986), the court, citing *Blackledge v. Allison,* 431 U.S. 63, 73–4, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977), stated "that the representations of the defendant [at a plea hearing] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding." *Thompson,* 787 F.2d at 1460. Moreover, the petitioner's "declarations in open court carry a strong presumption of verity." *Id., citing Blackledge,* 431 U.S. at 74, 97 S.Ct. at 1629.

■ We are mindful that some courts have found that a defendant is bound by his answers to the court's Rule 11 questioning. *See, e.g., Rogers v. Maggio,* 714 F.2d 35, 38–39 n. 5 (5th Cir.1983) ("[The defendant] is bound by that answer in his claim

---

**2.** Rule 11 provides in part that:
    (d) The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.
Fed.R.Crim.P. 11.

for federal habeas relief and is therefore not entitled to an evidentiary hearing on the issue of whether he was coerced into pleading guilty. *Moya v. Estelle*, 696 F.2d 329, 332–33 (5th Cir.1983)"). We disagree that a defendant should forever be bound by his responses to a court's Rule 11 questioning. However, where the record, as in this case, reflects that the defendant voluntarily entered into the plea, and, as here, the section 2255 motion does not clearly present new specific allegations, then no section 2255 evidentiary hearing is required.

■ We are convinced that after viewing the record in this case, the petitioner's plea was voluntarily entered into.[3] Thus, it was not reversible error for the district court to deny Key an evidentiary hearing on the issue of the voluntariness of his plea. Key has not overcome the presumptive aspect of the Rule 11 questioning between himself and the trial court.

■ We considered adopting a requirement that the trial judge specifically ask the defendant whether or not his attorney discussed the possibility of parole. However, Rule 11 does not require such questioning.[4] All that Rule 11 requires is that the defendant be asked whether or not "promises apart from the plea agreement" were made. Nonetheless, we feel that such questions are appropriate. Such questioning will promote a truly beneficial colloquy between the trial court and the defendant. We said in *United States v. Fountain*, 777 F.2d 351 (7th Cir.1985), that "[w]hatever the exact nature of the colloquy it is essential that it *be meaningful.*" *Id.* at 356 (emphasis added). A line of questioning that seeks out statements made to the defendant by his or her counsel would add to the factual basis for the plea. Furthermore, this added information in the trial record would facilitate the determination of the voluntariness of the plea

3. The pertinent portion of the record contains the following colloquy:

THE COURT: The Court now addresses the Defendant Bobby J. Key.

Mr. Key, did you sign the petition to enter a plea of guilty?

DEFENDANT KEY: Yes, Your Honor. . . .

THE COURT: Is there anything that you want to ask, any question you want to direct to the Court at this time?

DEFENDANT KEY: Not at this time.

THE COURT: The Court now asks you, then, how do you plead to Count 1?

DEFENDANT KEY: I plead guilty, Your Honor.

THE COURT: How do you plead to Count 4?

DEFENDANT KEY: Guilty, Your Honor.

THE COURT: And are you doing this freely and knowledgeably of your own will?

DEFENDANT KEY: That's correct.

THE COURT: And the only assurances that you have received were the ones made here in this court that were stated to you by the Court and the U.S. Attorney in regard to the plea agreement? Is that the only thing that you have considered on the outside? In other words, has anybody threatened you or tried to force you to enter a plea of guilty?

DEFENDANT KEY: No.

THE COURT: And you are aware, of course, of these agreements and that is part of your determination?

DEFENDANT KEY: I'm aware of the agreement, yes.

THE COURT: All right. The Court will now order a presentence investigation in connection with the Defendant Bobby J. Key.

We take note that Key initially pleaded not guilty, but later changed his plea to guilty and entered into the plea agreement. *See, e.g., Voytik v. United States*, 778 F.2d 1306 (8th Cir.1986) (Defendant changed his plea, but that apparently did not affect the court's determination.). The changing of a plea may, in some situations, be sufficient to demonstrate actual prejudice.

4. We take note of the Second Circuit's decision in *Hunter v. Fogg*, 616 F.2d 55 (1980) where the court stated:

Rule 11 makes a sensible distinction between requiring that a defendant be informed about a mandatory minimum sentencing provision and not requiring that he be informed concerning the minimum portion of a sentence that might have to be served in custody. . . . Therefore, whether parole is not possible until at least one year has been served, or might not be possible until as much as one-third of the sentence imposed has been served, or is never possible because of parole ineligibility are all possibilities that might usefully be told to a defendant, but are not required to be told, either by Rule 11 or the Constitution.

*Id.* at 61 (footnote omitted).

We agree that Rule 11 does not require such disclosure, but we would encourage trial judges to engage in a meaningful colloquy on the subject.

in subsequent post-conviction proceedings. *See id.* at 356. Of course, simple affirmative or negative answers to this suggested line of questioning are insufficient to fully elucidate the defendant's state of mind. *Id.*

Thus, we urge district courts to inquire as to whether defense counsel has made any promises regarding sentencing to a defendant. Indeed, had such a colloquy existed at the trial level, we might not be addressing this issue on appeal.

### IV.

Key asserts that his trial counsel's erroneous advice [5] as to the time of his release was, for Sixth Amendment purposes, ineffective assistance of counsel. We are ever mindful that the Sixth Amendment guarantee of a right to counsel "must necessarily include the right to effective assistance of counsel." *Johnson v. Duckworth,* 793 F.2d 898, 899 (7th Cir.1986). Nevertheless, we hold that the recent Supreme Court case of *Hill v. Lockhart, supra,* is dispositive, and we therefore reject petitioner's claims.

■ In *Hill,* the Court extended the two-part standard for proving ineffective assistance of counsel set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to challenges of guilty pleas. *Hill,* 106 S.Ct. at 370. The *Strickland* test requires that the petitioner show both that the counsel's representation fell below an objective standard of reasonableness, *see Johnson v. Duckworth,* 793 F.2d 898 (7th Cir.1986), and that a reasonable probability exists that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. *Hill,* 106 S.Ct. at 369; *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. Applying the *Strickland* test to the facts in *Hill,*

the Court found that the petitioner failed to satisfy the second part of the test.

We are concerned with the second part of the *Strickland* test, the "prejudice prong." Other circuits have also recently faced this issue. *See, e.g., Bonvillain v. Blackburn,* 780 F.2d 1248, 1252 (5th Cir. 1986); *Thompson v. Wainwright,* 784 F.2d 1103, 1105 (11th Cir.1986); *United States v. Giardino,* 797 F.2d 30, 31–33 (1st Cir. 1986); *Iaea v. Sunn,* 800 F.2d 861, 864 (9th Cir.1986). To satisfy the prejudice prong of *Strickland* in a guilty plea setting, the Court stated that "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 106 S.Ct. at 370. The Court went on to note that "[p]etitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial." *Id.* at 371.

Some courts have held that a defendant's mere allegation of prejudice was insufficient. *See, e.g., Bonvillain v. Blackburn,* 780 F.2d 1248 (5th Cir.1986); *Voytik v. United States,* 778 F.2d 1306 (8th Cir.1985) (The court noted that a petition which consists only of " 'conclusory allegations unsupported by specifics [or] ... allegations that, in the face of the record are wholly incredible,' ... is insufficient to overcome the barrier to an evidentiary hearing on a section 2255 motion." *Id.* at 1308 (internal citations omitted) (brackets in the original)); *Hollis v. United States,* 796 F.2d 1043, 1045–46 (8th Cir.1986) ("[T]he defendant's] claim that he was denied effective assistance of counsel by his attorney's overly optimistic prediction of the sentence and parole eligibility date which he would receive from the sentencing court is also meritless.") However, at least one circuit has found that a defendant's allegations were

---

5. Key states in his brief that James H. Voyles, his trial counsel, promised him he would "be on the street in twelve months" and that "counsel Voyles induced Key to change his plea to 'guilty.' " Key also alleges: "But for Counsel Voyles [sic] inducement to plead guilty the re-

sult of the proceeding would have been different. Key would have presented the case to the jury who would have been unable to convict Key for want of a corpus delecti." Petitioner's brief at 15, 20, 47.

specific enough to make a showing of actual prejudice. *Iaea v. Sunn,* 800 F.2d 861 (9th Cir.1986) (Counsel testified that when the defendant "did not appear receptive to the plea bargain, she threatened to withdraw from his case...." *Id.* at 863. Also, although the attorney never guaranteed the defendant that he would receive probation, she did say he had a good chance of receiving it if he accepted the plea bargain. Instead, Iaea received a life sentence. The court found a sufficient showing of actual prejudice.).

■ The circuits seem undecided as to when alleged promises of early release can cause trial counsel to be constitutionally ineffective. We believe that in some situations such promises can cause counsel to be ineffective. However, we feel that merely making bare allegations of alleged promises is insufficient to show actual prejudice for purposes of *Hill.* Thus, we hold that in situations where a defendant is challenging his guilty plea and alleges that counsel made promises of parole or parole eligibility, causing his legal representation to be ineffective, the defendant must allege facts indicating both that the counsel's representation fell below an objective standard of reasonableness, and that a reasonable probability exists that but for the counsel's errors, the result of the proceeding would have been different. *Hill,* 106 S.Ct. at 370. Furthermore, a defendant must do more than merely allege a promise by counsel; he or she must provide some evidence that allows the court to meaningfully assess his or her claim. A defendant in such a situation might allege, in addition to alleging the *Hill* requirements, what the terms of the alleged promises by counsel were; when, where, and by whom such promises were made; and the precise identity of any witnesses to the promise. *Cf. Bonvillain v. Blackburn,* 780 F.2d 1248, 1251 (5th Cir.1986) (discussing what the defendant must allege in order to prove the existence of a plea bargain). Yet, even making these allegations may not be sufficient to warrant a section 2255 evidentiary hearing if the allegations do not overcome the presumption of the record.

■ Key argues that his counsel promised him he would be paroled after 12 months, even though he had agreed to a three year sentence in the plea bargaining agreement. Counsel also allegedly said the bank would remain committed to the loan if Key served twelve months. However, the evidence shows otherwise. The jeopardy assessment was assessed against Key 90 days *prior* to the sentencing. The parole guidelines contained in Key's pre-sentence report, which took into account the jeopardy assessment, reflected a forty to fifty-two month range. "Since [the parole guidelines] exceed[ ] his total sentence, his parole release, prior to mandatory release was problematical at best." *United States v. Key,* No. IP 84–37–CR (S.D.Ind. May 14, 1986) (order denying 28 U.S.C. § 2255 petition). There is no indication that Key did not understand the parole guidelines. The presence of the guidelines stipulation in the pre-sentence report, therefore, may well have been sufficient to make an evidentiary hearing unnecessary in this case.

Key also alleges, by almost directly quoting *Hill,* that he would have pleaded differently and gone to trial. However, merely making such an allegation is insufficient. *But see United States v. Giardino,* 797 F.2d 30, 32 (1st Cir.1986). The defendant must be able to show that there is a reasonable probability that the result of the proceeding would be different. *Hill,* 106 S.Ct. at 370. Key has not shown a substantial claim that he would not have pleaded guilty if he were advised differently.

V.

■ Petitioner argues here that he is entitled to a section 2255 hearing. That is, he argues that his section 2255 petition presents new evidence sufficient to overcome the presumption that the record is conclusive. We hold that the petitioner did not present new evidence sufficient to overcome this presumption. Key's allegations were insufficient to show that the outcome

in this case might have been different, entitling him to an evidentiary hearing.[6]

If a defendant cannot state the terms of the promises made by counsel, then it is unlikely that a defendant could show a reasonable probability of a different result in the trial. Furthermore, if the defendant cannot show a reasonable probability of a different outcome at trial, then the record is conclusive and no section 2255 evidentiary hearing is required.

## VI.

■ We find that the motion, files, and record in this case conclusively show that Key was entitled to no relief, and that no evidentiary hearing for section 2255 purposes was required. *See Baker v. United States*, 781 F.2d 85, 92 (6th Cir.1986). We hold that Key's plea was voluntary, intelligent, and not the product of ineffective counsel. Key's plea may not be collaterally attacked. *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984).

Therefore, because Key did not show any actual prejudice, the trial court was correct in dismissing the section 2255 motion without an evidentiary hearing, since the files, motions, and the record conclusively showed that no relief was possible for Key. *See Voytik*, 778 F.2d at 1308. We are convinced, that in this case, no rights have been infringed. AFFIRMED.

---

6. In his section 2255 motion, petitioner related the following discussion:
[Counsel said to petitioner]
  Bobby, you've got to do this (execute plea agreement) it is the best way out. In 12 months it is all over. You've got a $232,-000.00 unreported gross income to deal with and you negotiate from there.
Petitioner's § 2255 motion at 3.
  Petitioner also included in his section 2255 motion the following:
  Petitioner was told by his counsel, James Voyles, that ... BancAmerica would still approve the loan on a plea of guilty and that a twelve month sentence served would not affect the deal, ... [and that the] bank will keep the commitment if you are only going to serve twelve months.
*Id.* at 3–4
  Petitioner alleges in his brief that:
  Counsel for Petitioner, James Voyles informed Petitioner and his wife, that a plea of guilty would terminate all criminal proceed-ings, that Petitioner would serve no more than one year executed at a minimum restriction facility at which Petitioner would surrender himself and all criminal matters would be behind him.
Petitioner's brief at 9.
Allegedly, this conversation occurred during the noon recess on October 25, 1984, the day before Key's guilty plea was entered. We find that these allegations are not sufficient to overcome the presumption of the record. Key, entered into a plea agreement which provided for a three year sentence, not one year. Apparently, the Bank then withdrew its loan commitment, because of the three year sentence. Trial counsel's promises about the closing of a loan do not rise to the level of ineffective counsel. In this case counsel's alleged statement that "[t]he bank will keep the commitment if you are only going to serve twelve months," is not a promise by counsel that he *would* serve only twelve months.