**Charles E. LOCKERT, Petitioner,**

v.

**Jack R. DUCKWORTH, Warden Indiana State Prison; Linley Pearson, Indiana Attorney General; and State of Indiana, Respondents.**

**No. S 85–143.**

United States District Court, N.D. Indiana, South Bend Division.

June 22, 1987.

MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On February 25, 1985, the petitioner, Charles E. Lockert, appearing by counsel, filed a petition in this case seeking relief under 28 U.S.C. § 2254. The state record has been filed and examined pursuant to the mandates of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The record does not indicate that any direct appeal was taken to the Supreme Court of Indiana but that on April 1, 1977, a petition for post-conviction relief was filed in the Fulton Circuit Court which held an evidentiary hearing thereon and denied the relief. That denial was unanimously affirmed by the Supreme Court of Indiana in an opinion by Justice Prentice reported in *Lockert v. State*, 271 Ind. 226, 391 N.E.2d 613 (1979). The issues presented to the State Supreme Court and decided by Justice Prentice certainly represent the exhaustion of those raised here. Basically, this lawyer-drawn petition raises as a constitutional question the voluntariness of a plea of guilty under the constitutional standards in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It should be noted at the very outset that this court does not sit in this case or other similar cases to review any alleged collection of errors committed by the state courts. The burden of the petitioner is to focus specifically on violations of the Constitution of the United States.

This court held oral argument and hearing in South Bend, Indiana, on May 16, 1986, and counsel for the parties were given until June 9, 1986, to file supplemental briefs. Such supplemental briefs have not been filed, and therefore, this case must proceed to decision without them.

Justice Stewart, speaking for the Supreme Court of the United States, in *Jackson v. Virginia*, 443 U.S. 307, 323, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979), stated:

> A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. But

Richard R. Connelly, Columbus, Ind., Martin W. Kus, LaPorte, Ind., and Professor Alan Raphael, Loyola University Law School, Chicago, Ill., appellate counsel, for petitioner.

David L. Steiner, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

Congress in § 2254 has selected the federal district courts as precisely the forums that are responsible for determining whether state convictions have been secured in accord with federal constitutional law. The federal habeas corpus statute presumes the norm of a fair trial in the state court and adequate state postconviction remedies to redress possible error. See 28 U.S.C. § 2254(b), (d). What it does not presume is that these state proceedings will always be without error in the constitutional sense. The duty of a federal habeas corpus court to appraise a claim that constitutional error did occur—reflecting as it does the belief that the "finality" of a deprivation of liberty through the invocation of the criminal sanction is simply not to be achieved at the expense of a constitutional right—is not one that can be so lightly abjured.

■ With regard to matters of fact, especially those kinds of credibility decisions in which there is a preference for actual observation, it now appears that the presumption in § 2254(d) of Title 28 is applicable and workable. See *Perri v. Director of Dept. of Corrections*, 817 F.2d 448 (7th Cir.1987), and see also *United States of America ex rel. Kosik v. Napoli*, 814 F.2d 1151 (7th Cir.1987). Certainly the factual determinations that inhere in a voluntariness issue under *Boykin v. Alabama*, supra, would appear also to be of the kind and variety discussed by Judge Flaum in *Perri*. This court certainly understands that an accused must be aware of the constitutional protections that are being waived under *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), and that an accused must receive real notice of the charge he is actually facing before he can voluntarily and intelligently enter into a plea. No particular litany of words is required but a guilty plea must provide a trustworthy basis for believing that the defendant is in fact guilty. Certainly an examination must be made of the formal facial record of the guilty plea proceeding as suggested in *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Basically a petitioner

in a § 2254 proceeding has the burden to show that his guilty plea was so much the product of such factors as misunderstanding, duress or misrepresentation by others as to make the guilty plea constitutionally inadequate. Certainly a guilty plea can be set aside on the basis of such well known legal concepts as fraud, mistake or duress. However, the burden on these issues is on the petitioner, who in this case was represented by very able and experienced counsel. *See Key v. United States*, 806 F.2d 133 (7th Cir.1986); *Johnson v. Duckworth*, 793 F.2d 898 (7th Cir.1986); and *United States ex rel. Miller v. McGinnis*, 774 F.2d 819 (7th Cir.1985).

This court is familiar with the standards in which a further evidentiary hearing must be held under § 2254. For example, see *Owen v. Duckworth*, 727 F.2d 643 (7th Cir.1984).

The state court record in this case is more than adequate to determine the constitutional issues that are presented here. The claims of this petitioner were well presented in a post-conviction evidentiary hearing before Judge Wendell Tombaugh, then Judge of the Fulton Circuit Court, and were fully and carefully dissected by Justice Prentice.

■ This court is in complete agreement with the statement of Justice Prentice that pendency of other charges which are not to be disposed of by the plea bargain is an indication of coercion to induce the plea. Certainly the factual context and values in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), indicate that the prosecutor has very considerable leverage in regard to plea bargains. The transcript of the plea bargain and sentencing hearing on February 18 and 21, 1975, as reflected at state trial record 177–209, clearly reflect that this petitioner was represented by counsel and was fully aware of the charge against him and the possible sentence. He indicated specific satisfaction with his counsel. See page 179 of the record. He was informed of his rights to a trial by jury, the right to confront his accusers and the right to compel

the attendance of witnesses. He was also informed of his right to remain silent and indicated that he understood those rights. The state trial judge determined that the petitioner could read and had read the indictment in this case. An inquiry was made as to whether he had any questions about the indictment. The state circuit judge established that Lockert understood that he did not have to prove he was innocent but that the burden of proof beyond a reasonable doubt was on the state prosecutor. It was established that petitioner graduated from high school and that the guilty plea was not the result of threats or promises. An inquiry was also made with reference to his understanding of the negotiated plea and the signed statement of the plea agreement which was ultimately reduced to writing. This agreement was submitted at the sentencing hearing and set forth the fact that he was pleading guilty to felony murder and would receive a life sentence. Prior to sentencing the state court circuit judge established that the petitioner had read the written plea and had discussed it with his lawyer. It was also established that the petitioner understood the plea bargain and still wanted to plead guilty. Count II of the indictment to which the petitioner was pleading guilty was read to him. That indictment gave real notice to the petitioner of the charge to which he was pleading guilty. The petitioner was informed specifically that he would receive a life sentence and he indicated that he understood the charge and the penalty.

The plea agreement as it existed on February 18, 1975 was carefully explained by defense counsel and the prosecutor in open court in the presence of the petitioner. The agreement recited in open court was the same one that was reduced to writing, read, explained and signed by petitioner prior to his sentence. The state trial judge carefully and repeatedly reminded this petitioner of the rights he was forgoing by pleading guilty and made sure that the petitioner wanted to plead guilty.

By comparison to Rule 11 of the Federal Rules of Criminal Procedure and the cases thereunder in this circuit, although that rule and those cases are not written in

federal constitutional stone, this record would pass muster under that rule. See *United States v. Trammel*, 813 F.2d 946 (7th Cir.1987); *United States v. Fountain*, 777 F.2d 351 (7th Cir.1985); and *United States v. Darling*, 766 F.2d 1095 (7th Cir. 1985). A careful and independent review of this record fails to demonstrate any constitutional deficiency in the plea proceedings that require or suggest a basis for the granting of a writ under 28 U.S.C. § 2254. Therefore, the writ is DENIED. IT IS SO ORDERED.