911 F.2d 736
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bobby L. PHILLIPS, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 89-2062.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 21, 1990.*
Decided Aug. 28, 1990.
 
 Before BAUER, Chief Judge, EASTERBROOK, Circuit Judge and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 On December 23, 1986, petitioner Bobby Phillips pleaded guilty to possession of a firearm. At his guilty plea hearing, Phillips admitted that he possessed the gun and that he had three prior burglary convictions. The court therefore sentenced him to twenty years incarceration under 18 U.S.C. Sec. 1202(a).
 
 
 2
 On May 31, 1988, Phillips filed a petition for habeas corpus relief under section 2255. He claimed that section 1202(a) had been repealed prior to his sentencing hearing (and therefore was inapplicable to him), and that his counsel rendered ineffective assistance when he failed to inform Phillips of this alleged change in the law. The district court dismissed his petition, holding that the enhancement provision was still in effect on the date of Phillips' plea hearing. The court, however, granted Phillips leave to replead his ineffective assistance claim in the event that the court had misconstrued it.
 
 
 3
 Phillips responded with a second section 2255 motion in which he alleged, for the first time, that counsel was ineffective because he advised Phillips to accept the plea agreement knowing that there was no factual basis for it. Phillips denied that he had possessed a firearm and alleged that counsel advised him to lie in order to avoid a possible life sentence should he be found guilty at trial. The government countered that Phillips had waived his ineffective assistance claim when he failed to take a direct appeal from his conviction. The court in turn directed Phillips to demonstrate cause and prejudice for this procedural default.
 
 
 4
 Phillips responded that he did not take a direct appeal because he did not know about the change in the law, and he was afraid that the government would charge him with perjury if he recanted. Before the court ruled on this issue, Phillips was appointed counsel and filed a new section 2255 motion. In this petition, Phillips argued that the district court accepted his guilty plea without an adequate factual foundation in violation of Fed.R.Crim.P. 11(f), and that his counsel had rendered ineffective assistance both by advising him to plead guilty and by failing to advise him of the changes in the sentencing statute.
 
 
 5
 The district court granted the government's motion to dismiss Phillips' petition. The court held that the transcript from Phillips' plea hearing revealed that he gave his plea knowingly, that he was properly informed of his rights, and that he admitted to the three prior burglary convictions. Since, the court reasoned, the burglaries were "violent felonies" within the meaning of section 924(e),[1] Phillips was subject to the enhanced sentence. The court concluded that Phillips' counsel was not ineffective for failing to advise him of the changes in the sentencing statute.
 
 II.
 
 6
 The government argues that the issue on appeal should be whether Phillips demonstrated cause for and prejudice from his failure to appeal directly his conviction and sentence--it is conceded by all that Phillips did not take a direct appeal in this case. Although the district court ordered Phillips to respond to the government's waiver argument, the court did not address this issue in its decision; instead, the court addressed the merits of Phillips' habeas petition.
 
 
 7
 There is authority in our circuit for the proposition that a petitioner does not waive an ineffective assistance claim by failing to take a direct appeal. See, e.g., Johnson v. United States, 838 F.2d 201, 205 (7th Cir.1988) ("Ineffective assistance of counsel at trial may be raised under Sec. 2255 rather than on direct appeal when it is necessary to supplement the record in order to establish the claim."). Phillips' ineffective assistance claims are based, at least in part, on facts outside the record. The district court went to the merits of Phillips' claims, and we will review that decision on appeal to address fully the issues raised.
 
 
 8
 Phillips contends that he received ineffective assistance of counsel because his sentence was improperly enhanced under section 924(e). He claims that he robbed three vacant, commercial buildings, and therefore was not subject to the enhancement provision for committing "violent" felonies. The district court held that Phillips' argument was foreclosed by this court's decision in United States v. Dickerson, 857 F.2d 414 (7th Cir.1988). We reaffirmed Dickerson 's holding in United States v. Dombrowski, 877 F.2d 520, 527 (7th Cir.1989), cert. denied, 110 S.Ct. 2592 (1990). Plaintiff's counsel[2] urges us to overrule Dombrowski, arguing that it misread congressional intent. This we must decline to do in light of the Supreme Court's ruling in Taylor v. United States, 110 S.Ct. 2143 (1990) that approved the definition of burglary relied on in Dombrowski.
 
 
 9
 It is clear that if Phillips' three burglaries qualified him for sentencing under 924(e), then his counsel was not ineffective for failing to advise Phillips that they didn't qualify. The district court so held and we agree.
 
 
 10
 Finally, Phillips maintains that his counsel failed to provide effective assistance of counsel when he advised Phillips to lie about the facts of the case and plead guilty. According to Phillips, he therefore told the judge that he had possession of a gun, and that he threw the gun out of the car window before the police approached. To support his claim that he lied at his plea hearing, Phillips states that his co-defendant, Steven Heller, later pleaded guilty and told the judge at his plea hearing that he threw the gun out the car window. Phillips argues that this inconsistency shows, at a minimum, that one of them was lying, and that he is therefore entitled to a remand to prove his other claims.
 
 
 11
 Phillips' sworn statements at his plea hearing carry a strong presumption of correctness. Politte v. United States, 852 F.2d 924, 931 (7th Cir.1988); Key v. United States, 806 F.2d 133, 136 (7th Cir.1988). Judge Mihm ascertained at the hearing that Phillips was fully satisfied with counsel's performance, and that no one forced him to agree to the plea. The possibility that Heller threw the gun from the car does not mean that Phillips' counsel was ineffective. Even if we accept that Phillips lied at his plea hearing, Phillips alleged no specific, supported facts to support the claim that his counsel advised him to do so. Keys, 806 F.2d at 137. It is possible that Phillips lied without his attorney's advise or involvement (i.e., because he preferred a certain twenty years to the possibility of a life sentence). But it is probable that Phillips did not lie at all at his plea hearing--rather, he discovered an inconsistency that he hoped would snowball into a reversal of his knowing and voluntary guilty plea. We conclude that Phillips has failed to allege specific facts sufficient to support a claim that his counsel rendered ineffective assistance of counsel at his plea hearing.[3]
 
 
 12
 The district court's dismissal of petitioner's section 2255 petition is
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No statement having been filed requesting oral argument, the appeal has been submitted on the briefs
 
 
 [1]
 There seems to be some dispute in the record on the question of which statute actually applies in this case. In an order dated July 7, 1988, the district court held that Phillips was sentenced under 18 U.S.C. Sec. 1202(a). In its order of May 8, 1989, however, the court addressed the same issue and held that 18 U.S.C. Sec. 924(e) applied. The government argues that the court was correct the first time: since section 1202(a) was in effect on the date of the commission of the crime and the date Phillips was charged, Phillips was properly sentenced under that section. Phillips argues that section 924(e) applies because it was in effect on the day he was sentenced. The answer to this argument is of little importance to the issues raised in this appeal for we conclude that under either version of the statute Phillips was subject to the same enhancement. See United States v. Dombrowski, 877 F.2d 520 (7th Cir.1989), cert. denied, 110 S.Ct. 2592 (1990)
 
 
 [2]
 Petitioner's habeas counsel below also filed Phillips' opening brief in this case before requesting leave to withdraw. Leave was granted, and we appointed new counsel, giving him the opportunity either to adopt the opening brief or to file a new brief. Current appellate counsel adopted the opening brief and filed a supplemental brief emphasizing the need for an evidentiary hearing in this case
 
 
 [3]
 Phillips' claim that his counsel failed fully to investigate potential inconsistencies between the police report and other evidence is equally conclusory and unsupported. Keys, 806 F.2d at 137