21 F.3d 431
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 4UNITED STATES of America, Plaintiff-Appellee,
v.
Alan L. WILDMAN, Defendant-Appellant.
 No. 93-2238.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 5, 1994*
Decided April 6, 1994.
 
 Before CUMMINGS, KANNE, and ROVNER, Circuit Judges.
 ORDER
 Attorney James T. LaVecchia filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), requesting this court to allow him to withdraw as appointed counsel for Alan Wildman in Wildman's direct criminal appeal. Wildman pleaded guilty in December 1993 to one count of conspiracy to possess with the intent to distribute cocaine. 21 U.S.C. Secs. 841(a)(1), 846. He was sentenced to a term of imprisonment of 87 months. LaVecchia raises three potentially appealable issues in his Anders brief: whether the Sentencing Guidelines were properly applied by the district court, whether Wildman's plea of guilty was knowingly and voluntarily given, and whether defense counsel provided effective representation. Upon consideration of LaVecchia's brief and Wildman's response, we are satisfied that the attorney engaged in a thorough search of the record. Penson v Ohio, 488 U.S. 75, 83 (1988) (quoting McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988)). Because we find that there are no grounds for a nonfrivolous appeal, we grant LaVecchia's motion and dismiss the appeal. Id. at 80; United States v. Eggen, 948 F.2d 848, 850 (7th Cir.1993).
 At sentencing, the district court granted Wildman a three-level reduction in the base offense level for acceptance of responsibility and a four-level reduction for his substantial assistance to the authorities in the investigation of other criminal offenses. U.S.S.G. Secs. 3E1.1, 5K1.1. However, his base offense level was increased two levels for the obstruction of justice under U.S.S.G. Sec. 3C1.1 and an additional two levels for his role in the offense as an organizer of the conspiracy. U.S.S.G. Sec. 3B1.1.
 Because this court lacks jurisdiction to review the extent of downward departures unless the sentence imposed violates the law, United States v. Johnson, 997 F.2d 248, 252 (7th Cir.1993), an appeal contesting the extent of the reduction for substantial assistance would be frivolous. Here, the district court appropriately considered Wildman's assistance in two federal cases and in one state case in Barron County, Wisconsin.
 On the other hand, the district court's determination that Wildman was the organizer or leader of the conspiracy is a factual finding that will be reviewed under the clearly erroneous standard. United States v. Colello, Nos. 93-1318 & 93-1319, slip op. at 4 (7th Cir. Feb. 8, 1994). The district court found that Wildman travelled to New York to meet with his suppliers, picked up the cocaine, and arranged for the drugs to be transported back to Wisconsin and Iowa. It also established that the conspiracy involved an extensive network of connections with Wildman at its center. The court considered the appropriate factors, see U.S.S.G. Sec. 3B.1.1, comment. (n. 3), and its findings are supported by the government's summary of the case given during the plea hearing and the presentence investigation report (PSI). Although Wildman never disputed his involvement in the conspiracy, he argued below that he was not the organizer because his buyers came to him and fronted the money for his trips to New York. It is unnecessary, however, for the organizer of the conspiracy to be the creator of the enterprise. United States v. Ivory, 11 F.3d 1411, 1414 (7th Cir.1993). Because the district court drew a permissible view of the evidence, it would be frivolous to argue that its determination was clearly erroneous. United States v. Brown, 900 F.2d 1098, 1102 (7th Cir.1990).
 Wildman also received an enhancement for the obstruction of justice for attempting to bribe his co-conspirators, Terry Fedderly and Cheryl Olson, not to implicate him and to provide a false statement to the police. Wildman denies the attempts and argues that both Fedderly and Olson lack credibility. Credibility determinations, however, are best made by the district court. Brown, 900 F.2d at 1103. Here, the court was impressed by the fact that two people reported separate incidents of bribery to the United States Attorney. It also found that Fedderly could be believed in this matter. Although no witnesses were called, the district court had the opportunity to assess Wildman's demeanor. Thus, because of the high level of deference given the district court in these matters, it is inconceivable that we would vacate the obstruction of justice enhancement.
 
 
 1
 In Wildman's response to LaVecchia's Anders brief, he now claims that his guilty plea was involuntary. He states that when he participated in a debriefing in November 1992, he thought that he would receive complete immunity, not simply immunity from his statement, in exchange for his cooperation. His defense counsel verified that Wildman had been under this mistaken impression to the district court in a letter dated April 20, 1993. Furthermore, he alleges that in the courtroom before the plea hearing began, he told his attorney that he did not want to plead guilty. However, because of his attorney's advice, he felt he had no choice but to plead guilty.
 
 
 2
 The transcript of the plea hearing demonstrates that the district court comprehensively followed the procedures outlined in Federal Rule of Criminal Procedure 11(c) and (d) to ensure that Wildman's guilty plea was knowingly and voluntarily given. The court fully explained the nature of the charges, the maximum sentence which could be imposed, and the constitutional rights that would be waived by pleading guilty. In addition, the court asked Wildman to explain in his own words the offenses with which he was charged. Wildman also answered affirmatively to the district court's question regarding whether he had enough time to talk with his attorney about possible defenses and the consequences of pleading guilty. He denied that anyone threatened, coerced or made promises to him to compel him to plead guilty.
 
 
 3
 The record of a properly conducted plea hearing is "entitled to a presumption of verity." United States v. Seybold, 979 F.2d 582, 587 (7th Cir.1992), cert. denied, 113 S.Ct. 2980 (1993) (quoting Key v. United States, 806 F.2d 133, 136 (7th Cir.1986)). Voluntary responses made by the defendant under oath are binding. Id. Although Wildman now claims that he did not fully understand "how the laws, plea agreement system, and sentencing system" worked, we must presume that he was capable of voicing his confusion or ignorance to the district court when it exhaustively questioned him about his plea of guilty. United States v. Ataya, 864 F.2d 1324, 1333 (7th Cir.1988). Thus, Wildman's unequivocal responses at the hearing cannot be set aside simply because he now says he did not mean what he said.
 
 
 4
 Accordingly, the only remaining possibility for relief would be if Wildman's counsel was ineffective. To prove ineffective assistance in the context of a voluntary guilty plea, the defendant must establish that counsel's advice to plead guilty fell below an objective level of reasonableness and that, but for counsel's error, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); see also Strickland v. Washington, 466 U.S. 668, 687-88 (1984). According to Wildman's response to the Anders brief, his decision to plead guilty was based on defense counsel's advice that if he went to trial, the government would use his immunized statement from the debriefing against him, and he "would surely receive at least 28 years in prison." In addition, Wildman's counsel allegedly stated that if he pleaded guilty and received the reduction for substantial assistance, he would be eligible for witness protection. Not only are Wildman's assertions not collaborated by the record, but even if they could be proven, they provide no basis for an appeal because any misinformation he received was corrected by the district court during the plea hearing. Barker v. United States, 7 F.3d 629, 633 (7th Cir.1993), cert. denied, 114 S.Ct. 939 (1994). Because Wildman stated that he understood the consequences of pleading guilty, he is unable to establish prejudice for an ineffective assistance claim. Id.
 
 
 5
 Wildman answered affirmatively that he understood he could be sentenced anywhere between ten years to life. It was also clarified during the plea hearing that any statement Wildman made voluntarily while assisting law enforcement authorities could be used against him during trial for impeachment purposes only. Cf. New Jersey v. Portash, 440 U.S. 450, 459-60 (1979) (involuntary statements made under a grant of immunity may not be used to impeach a defendant in a later criminal trial). Furthermore, the government stated that if Wildman provided substantial assistance, it would move the court for a sentence reduction; nothing was mentioned about witness protection services. Moreover, the government emphasized that such a motion was not guaranteed by the plea agreement and was entirely within the discretion of the U.S. Attorney's Office. Wildman agreed that the plea agreement encompassed those terms. Thus, he cannot now say that, but for his counsel's alleged misinformation, he would not have pleaded guilty.
 
 
 6
 Finally, defense counsel's representation throughout the district court's proceedings was reasonable. Defense counsel actively filed discovery motions with the district court in case Wildman opted to go to trial. After the plea hearing, she filed several objections to the PSI, writing an extensive letter to the district court judge to explain her objections to the sentencing enhancements, the amount of drugs involved in the conspiracy, and certain discriminatory comments in the PSI. In addition, she was instrumental in conveying the information Wildman provided during the November 1992 debriefing to the appropriate law enforcement officers to ensure that Wildman would receive credit for his cooperation at sentencing. Accordingly, we agree that Wildman's case presents no arguable issues for appeal. We GRANT LaVecchia's motion to withdraw and DISMISS Wildman's appeal.