46 F.3d 1134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Larry B. HOOKER, Jr., Defendant/Appellant.
 No. 93-4017.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1995.
Decided Feb. 10, 1995.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 93 CR 112; Rudolph T. Randa, Judge.
 E.D.Wis.
 MOTION GRANTED.
 Before BAUER, COFFEY and FLAUM, Circuit Judge.
 
 ORDER
 
 1
 Larry B. Hooker, Jr., pled guilty to knowingly possessing an unregistered firearm, in the form of a destructive device, in violation of 26 U.S.C. Sec. 5861(d). The district court accepted Hooker's plea and he was sentenced to 71 months of imprisonment and three years of supervised release. Hooker's counsel, believing that an appeal in this case would be frivolous, has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), Hooker was informed of his right to respond, and he has not chosen to respond. After an independent review, we conclude that there are no non-frivolous issues. We grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 Counsel raises several possible arguments. The first is whether Hooker's guilty plea was knowing and voluntary. This claim is raised regarding both Hooker's understanding of his waiver of rights by pleading guilty and the fact that a specific guideline range was not defined at the time of his plea. The plea hearing transcript demonstrates that the district court thoroughly followed the procedures outlined in Federal Rule of Criminal Procedure 11 to ensure that Hooker's guilty plea was knowingly and voluntarily given. Boykin v. Alabama, 395 U.S. 239 (1969). The court determined that Hooker understood the nature of the charges brought against him, the factual basis for the plea, the mandatory minimum and maximum sentences which could be imposed, and the constitutional rights that would be waived by pleading guilty. Hooker also stated that he was not threatened or coerced into pleading guilty and had consulted with his attorney.
 
 
 3
 The record of a properly conducted plea hearing is "entitled to a presumption of verity." United States v. Seybold, 979 F.2d 582, 587 (7th Cir.1992), cert. denied, 113 S.Ct. 2980 (1993) (quoting Key v. United States, 806 F.2d 133, 136 (7th Cir.1986)). Voluntary responses made by the defendant under oath are binding. Id. Hooker understood the rights he was waiving, and voluntarily and knowingly did so. As for the claim that there was no sentence discussed at the plea, the plea agreement, signed by Hooker, stated that the court "may impose any sentence authorized by law up to the maximum penalties." The maximum penalty for the offense is ten years of imprisonment and/or up to $250,000. The court also informed Hooker that it was bound by the sentencing guidelines, and not by the recommendations of defense counsel or the government.[1]
 
 
 4
 Another potential issue is whether Hooker's motion to suppress should have been granted. At the suppression hearing before a magistrate judge, Hooker alleged he was arrested illegally and any evidence seized was therefore illegal. We note that after the magistrate recommended that the district court deny the motion, Hooker pled guilty. The record reveals that the district court did not rule on the recommendation. "Once a guilty plea has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." United States v. Brown, 870 F.2d 1354, 1358 (7th Cir.1989) (Citing McMann v. Richardson, 397 U.S. 759). However, Federal Rule of Criminal Procedure 11(a)(2) allows a defendant to enter a conditional plea, reserving in his guilty plea the right to appeal the "adverse determination of any specified pre-trial motions." United States v. Markling, 7 F.3d 1309, 1312 (7th Cir.1993) (quoting Fed.R.Crim.P. 11(a)(2)). The plea agreement signed by Hooker had no such conditional clause. Even if the suppression motion had been ruled on by the district court, the absence of a conditional plea renders this issue unreviewable.
 
 
 5
 The final potential issue is whether Hooker should have been sentenced at the low end of the guideline range instead of the top. Review of a sentence imposed under the Sentencing Guidelines is limited to cases where the sentence is (1) in violation of the law, (2) a result of an incorrect application of the guidelines, (3) greater than the sentence specified in the applicable guideline range, or (4) plainly unreasonable and imposed for an offense for which there is no guideline. 18 U.S.C. Sec. 3742(a)(1)-(4). Hooker's sentence falls within none of these categories.[2] See United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991) ("absent an error of law or a misapplication of the guidelines, this court lacks jurisdiction to review"); United States v. Braslawsky, 913 F.2d 466, 467 (7th Cir.1990) (Congress has precluded review of sentences within applicable guideline range).
 
 
 6
 There are no other issues of any merit. Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 [1]
 In the plea agreement, the government agreed to recommend a sentence at the low end of the guideline range. However, the court is not bound by the recommendation and so informed the defendant
 
 
 [2]
 Counsel does not suggest that the guideline range determined by the district court was incorrect. In fact, counsel objected to the presentence report that recommended Hooker be sentenced as a career offender. The district court agreed and sentenced Hooker accordingly