124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard MARTIN, Petitioner-Appellant,
v.
Al C. PARKE, Superintendent, Respondent-Appellee.
 No. 96-4127.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1997.*
Decided July 15, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 3:96-CV-588 AS; Allen Sharp, Judge.
 Before Hon. JOHN L. COFFEY, Circuit Judge, Hon. JOEL M. FLAUM, Circuit Judge, Hon. MICHAEL S. KANNE, Circuit Judge.
 
 ORDER
 
 1
 In 1975, Richard Martin was charged in Indiana state court with first-degree murder, first-degree felony murder, and first-degree burglary. Martin entered into a plea agreement, whereby he agreed to plead guilty to reduced charges of second-degree murder, second-degree felony murder, and third-degree robbery. The agreement provided that the state would recommend life sentences for each murder charge and a 364-day sentence for the burglary charge. The state agreed not to pursue habitual offender status.
 
 
 2
 Martin pleaded guilty at one hearing to second-degree felony murder and at another hearing to second-degree murder and third-degree burglary. The court accepted the plea agreement and sentenced Martin according to the state's recommendations, with all sentences running concurrently. He did not file a direct appeal.
 
 
 3
 Martin filed a pro se petition for post-conviction relief in 1985. In 1993, Martin (now represented by counsel) amended the petition. The petition was denied in January 1995, and that denial affirmed in Martin v. State, No. 85A04-9505-PC-153, Ind.Ct.App., Dec. 6, 1995) (unpublished decision).
 
 
 4
 In August 1996, Martin filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his guilty plea was involuntary and that his sentences were unconstitutionally excessive. The district court denied the petition. Martin appeals, again claiming that his guilty plea was involuntary.
 
 
 5
 The Supreme Court recently determined that the amendments made by the Anterrorism and Effective Death Penalty Act of 1996 (Pub.L. 104-132, 110 Stat. 1214) to the federal habeas statutes generally apply only to cases filed after April 24, 1996. Lindh v. Murphy, 65 U.S.L.W. 4557, 1997 WL 338568 at * 8 (U.S. Jun. 23, 1997). Because Martin filed his petition in August 1996, these amendments apply to his case. Two amendments are noteworthy in Martin's case. First, Martin must obtain a certificate of appealability as to each claim that he wishes to present on appeal. See 28 U.S.C. § 2253(c) (as amended Apr. 24, 1996); Porter v. Gramley, 112 F.3d 1308, 1312 (7th Cir.1997). Second, he cannot receive a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (as amended Apr. 24, 1996).[1]
 
 
 6
 The state correctly argues that Martin did not receive a certificate of appealability to present his voluntariness claim[2] and that this court must therefore determine whether he has made a " 'substantial showing of the denial of a constitutional right" ' as to this claim. Porter, 112 F.3d at 1312 (quoting 28 U.S.C. § 2253(c)(2)). Martin's claim, specifically, is that he pleaded guilty because counsel advised him that he would be eligible for parole, when in fact he is not. The state courts rejected this claim on the merits in post-conviction proceedings. Martin's problem in this federal habeas case is that his claim has no basis in clearly established Supreme Court precedent.
 
 
 7
 In Hill v. Lockhart, 474 U.S. 53 (1985), the Supreme Court considered a claim similar to Martin's--that a defendant's "plea was 'involuntary' as a result of ineffective assistance of counsel because his attorney supplied him with information about parole eligibility that was erroneous." Id. at 56; see also id. at 60 ("In the present case the claimed error of counsel is erroneous advice as to eligibility for parole under the sentence agreed to in the plea bargain") The Supreme Court found it "unnecessary to determine whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel," because there were insufficient allegations that petitioner was prejudiced by the advice (i.e., that the erroneous advice caused him to plead guilty). Id. Even assuming that Martin has made the proper allegations of prejudice, the fact remains that Hill explicitly left open the question whether the type of advice alleged by Martin might constitute ineffective assistance that could render a plea involuntary. Up to the present day, Hill is the Supreme Court's final word on this issue.[3] Accordingly, Martin cannot show that the state court decisions against him were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Even assuming that Martin's claim is meritorious under law that is not clearly established by the Supreme Court, he would not be entitled to a writ of habeas corpus.
 
 
 8
 For the foregoing reasons, a certificate of appealability as to the voluntariness claim is DENIED, and the appeal is DISMISSED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The other ground for issuance of the writ is not relevant to Martin's case. 28 U.S.C. § 2254(d)(2) (involving state court decisions based on unreasonable determinations of the facts in light of the evidence presented in state court proceedings)
 
 
 [2]
 The district court did grant a certificate of appealability as to the excessive sentence claim, but Martin has not discussed this claim in his appellate brief
 
 
 [3]
 Several circuits including our own have considered the issue left open in Hill. See, e.g., Key v. United States, 806 F.2d 133, 139 (7th Cir.1986); Meyers v. Gillis, 93 F.3d 1147, 1153-54 (3d Cir.1996) (citing cases). None of these circuits, however, have suggested that Hill clearly established that there are "circumstances under which erroneous advice by counsel as to parole eligibility" could result in an involuntary plea. See, e.g., Key, 806 F.2d at 139