UNITED STATES of America,
Plaintiff–Appellee,

v.

Dennis W. LOVELL, Defendant–
Appellant.

No. 95–3270.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 28, 1996.

Decided April 8, 1996.

Miriam F. Miquelon, Steven Clark (argued), Office of the U.S. Atty., Crim. Div., Fairview Heights, IL, for Plaintiff-Appellee.

Robert A. Jones, Las Vegas, NV (argued), for Defendant-Appellant.

Before COFFEY, EASTERBROOK, and KANNE, Circuit Judges.

COFFEY, Circuit Judge.

Dennis W. Lovell, an employee of the First Interstate Casualty Company, was indicted in the Southern District of Illinois for a single count of wire fraud, in violation of 18 U.S.C. § 1343. Lovell entered into a plea agreement and pleaded guilty to the crime charged. The district court accepted the plea and thereafter sentenced Lovell to ten months imprisonment to be followed by a three-year term of supervised release and imposed a $4,000 fine as well as a $50 special assessment fee. Lovell appeals his sentence imposed in the Southern District of Illinois, claiming that under the terms of his plea agreement (1) he was to be sentenced in the United States District Court for the District of Arizona and (2) he cannot be sentenced until all cases arising from the same set of events that gave rise to his conviction are completed. We affirm.

## I. BACKGROUND

The dispute in this case concerns paragraph 8 of the 9 paragraph Plea Agreement. This paragraph consists of two sentences. The first sentence states: "In the event that the defendant enters into a plea agreement in the District of Arizona ... the government agrees to recommend that the sentence imposed [in the present case] shall run concurrent with any sentence imposed ... in the District of Arizona." The second sentence reads: "The government further agrees to file a motion pursuant to [Federal Rule of Criminal Procedure 20] to transfer the instant matter to the District of Arizona for sentencing purposes but in no event shall the motion be filed prior to the completion of the trial or entry of a guilty plea, whichever may be the case, by any defendant charged in connection with the scheme described in the instant information." [1]

After defendant entered a plea of guilty to the crime charged and the court accepted the plea, the court adjourned the case for sentencing. At the sentencing hearing, Lovell asserted that the Plea Agreement gave him the absolute right to be sentenced in the District of Arizona. He failed to state that this right was premised on a charge being filed against him in the District of Arizona. The government agreed that the Plea Agreement gave him a right to be sentenced in Arizona under certain circumstances, but countered that the agreement conditioned the right to be sentenced in the District of Arizona on Lovell's being prosecuted in that jurisdiction, which never occurred. The parties' dispute centered upon whether the second sentence of paragraph 8 was a stand alone provision or one that was to be read in connection with the conditional first sentence of that paragraph. After hearing testimony and argument from both parties, the district judge stated "that the agreement was entered into between the Government and the defendant based on the understanding that there was going to be a prosecution in Arizona." (Sentencing Hearing Transcript at 31.) The court, stating that "it is quite clear that there is not ... now a case pending nor is there any case contemplated in the district of Arizona at this time," *id.*, proceeded to sentence Lovell, imposing a ten month prison term, a three-year period of supervised re-

lease, and a fine and assessment totaling $4,050.

Lovell also argued at the sentencing hearing that the Plea Agreement prevented the court from imposing sentence until other cases arising out of the same events were completed so that he could earn a downward departure from the prescribed sentence pursuant to § 5K1.1 of the Sentencing Guidelines. The court rejected this argument. The court did not deal with the question of why the language of the Plea Agreement did not impose upon the court an obligation to wait until the completion of other cases before sentencing Lovell. Rather, the court stated that it could not see what Lovell could gain in terms of his ultimate sentence by the court's waiting to impose it. The court's position in this regard seems to have been based upon the fact that the government stated that the United States Attorney for the Southern District of Illinois would not be recommending a § 5K1.1 departure. The court can only depart from the guidelines under this provision upon a United States attorney's recommendation.

## II. ANALYSIS

### A. Transfer For Sentencing

■ The parties and the district court all took the position that a case need not be pending in a given district or another district in order for a case to be transferred there pursuant to Federal Rule of Criminal Procedure 20.[2] However, there is no authority under Rule 20 (or elsewhere for that matter) for a district court to accept a guilty plea

from a party and then transfer the case to a different jurisdiction for sentencing.

Subsections (a) and (b) of Rule 20 discuss the transfer of cases. Both of these provisions discuss the waiver of trial in the transferor district and the entry of a plea and the disposition of the case in the transferee district. This language does not authorize a transfer for the purpose of imposing sentence when there is no case pending in the transferee district. Therefore, the District Court for Arizona would have no jurisdiction to sentence Lovell when he was convicted in the Southern District of Illinois of the only crime with which he was charged. Thus, regardless of the terms of the Plea Agreement, we would have no authority to grant the alternative relief that Lovell seeks, vacation of the sentence imposed by the District Court for Southern Illinois and transfer to Arizona for sentencing only. The only relief we could give is to vacate both the guilty plea and sentence and then transfer the entire case to Arizona. Because we determine that Lovell is entitled to no relief, we do not take this step either.

Rule 20 requires the written consent of the United States attorneys for both the transferor and transferee district. Lovell admitted at oral argument that he never obtained the written consent of the United States Attorney for Arizona. Moreover, the United States Attorney for Arizona would have had no authority to agree to a transfer for sentencing purposes only, for there never was a case against Lovell pending in Arizona. In addition, Lovell conceded at oral argument that the United States Attorney for Southern Illinois had orally withdrawn his consent to

---

**2.** "A defendant arrested, held, or present in a district other than that in which an indictment or information is pending against that defendant may state in writing a wish to plead guilty or nolo contendre, to waive trial in the district in which that defendant was arrested, held, or present, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is arrested, held, or present, and the prosecution shall continue in that district." FED. R. CRIM.

P. 20(a). "A defendant arrested, held, or present, in a district other than the district in which a complaint is pending against that defendant may state in writing a wish to plead guilty or nolo contendre, to waive venue and trial in the district in which the warrant was issued, and to consent to disposition of the case in the district in which the defendant was arrested, held, or present, subject to the approval of the United States attorney for each district. Upon filing the written waiver of venue in the district in which the defendant is present, the prosecution may proceed as if venue were in such district." FED. R. CRIM. P. 20(b). Subsections (c) and (d) are not relevant to the present case.

the transfer, upon realizing that no case was going to be filed in the District of Arizona. Since there was no written consent by the United States Attorney for the District of Arizona, the District Court for Southern Illinois had no authority to transfer the case.

 In addition, the district judge was correct in his finding that the Plea Agreement indicates that the parties contemplated a transfer to the District of Arizona only if charges were filed in that jurisdiction. For the most part, general contract principles apply to the interpretation of plea agreements. As with contracts, the terms of the agreement can create binding promises on the parties, including the government. *United States v. Rourke,* 74 F.3d 802, 805 (7th Cir.1996). In reviewing a trial judge's interpretation of the terms of a plea agreement, we will only reverse if the judge's interpretation is clearly erroneous. *Id.* The interpretation of a plea agreement can be considered clearly erroneous only if one is left "with the definite and firm conviction that a mistake has been made." *Id.* (quoting *Anderson v. Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985)). Therefore, our task is to examine the terms of the agreement and the district judge's findings in light of the above standards.

Here, the language of the agreement and the circumstances favor the interpretation argued for by the government and accepted by the district court. First, although the provision stating that the government agrees to file a motion to transfer appears in the sentence following the preconditional statement regarding a prosecution in Arizona, as opposed to being in the same sentence, the word "further" modifies "agrees" in the statement regarding the government's promise to move for transfer. The fact that the second sentence begins with the word "further" strongly indicates that the condition precedent in the first sentence also modifies the government's promise, contained in the second sentence, to transfer the case. Second, the issue of transfer is detailed in the same two sentence paragraph that contains the condition of prosecution in Arizona. This was one of nine fairly short paragraphs. This structure indicates that each paragraph discusses a distinct issue of the Plea Agreement and that the parties intended all the provisions within a given paragraph to be read together. Thus, it is clear that the parties intended to transfer this case to the District of Arizona only if a case were pending there. Therefore, in that the district court relied upon the unambiguous language in the Plea Agreement, the district court rendered the only logical interpretation and thus did not commit clear error.

### B. Delay In Sentencing

 In addition to arguing that the case should have been transferred to the District of Arizona for sentencing, Lovell argues that regardless of which court sentenced him, the Plea Agreement required the sentencing court to wait until all prosecutions of other suspects involved in the scheme that gave rise to Lovell's conviction were completed. We hold that the district court did not commit clear error in not delaying sentencing until prosecutions against other suspects were completed. The last sentence of paragraph 8 ends with the statement: "in no event shall the [Rule 20] motion be filed prior to the completion of the trial or entry of a guilty plea, whichever may be the case, by any defendant charged in connection with the scheme described in the instant information." Lovell argues that because there were unresolved cases involving other defendants in the scheme from which Lovell's conviction arose, the district court had to wait until those cases were resolved before sentencing him.

The plain language of the Plea Agreement does not require the result Lovell seeks. Paragraph 8 states that the *Rule 20 motion* shall not be filed before the completion of other related cases. As things turned out, no Rule 20 motion was ever filed. The Plea Agreement says nothing to the effect that the district court cannot sentence Lovell prior to the completion of other cases. Thus, under the clear and unambiguous terms of the Plea Agreement, Lovell's argument that the district court erred in sentencing him before the completion of other cases is without merit.

The district court used different, although equally persuasive reasoning to reach the

same result as we do with respect to the last part of paragraph 8. Lovell, based upon pure speculation, alleges that he suffered harm from the court's not waiting until other cases were resolved before sentencing him, which denied him the opportunity to possibly have his sentence reduced by providing assistance to the government in those other cases pending, thereby gaining a downward departure from the mandated sentence, pursuant to § 5K1.1 of the Sentencing Guidelines. However, the government stated that the United States Attorney for the Southern District of Illinois had no intention of recommending a downward departure from the guidelines, a prerequisite under § 5K1.1. Moreover, the United States Attorney for the District of Arizona had already provided to the District Court for Southern Illinois a letter, the contents of which we do not see fit to discuss because it was filed *in camera*, stating that Lovell had rendered substantial assistance to the government within the meaning of § 5K1.1. The District Court for Southern Illinois, based upon this letter, departed from the range of 15 to 21 months that was prescribed for an offender with Lovell's offense and history characteristics and imposed a sentence of ten months. Thus, the district court's action was proper in holding that Lovell would not benefit by the court's waiting until the resolution of other cases before imposing sentence.

AFFIRMED.