**Myron PRATT, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 98–1166.

United States District Court, C.D. Illinois.

Aug. 27, 1998.

Robert A. Ratliff, Cincinnati, OH, for Petitioner.

K. Tate Chambers, Peoria, IL, for Respondent.

### ORDER

MIHM, Chief Judge.

This matter is before the Court on Petitioner, Myron Pratt's, Motion to Vacate and Modify Petitioner's Conviction and/or Sentence Pursuant to 28 U.S.C. § 2255. For reasons stated herein, the Motion [# 1] is DISMISSED. This case is TERMINATED.

### Background

On January 13, 1997, Petitioner pled guilty to one count of conspiracy to distribute a controlled substance (LSD), in violation of 21 U.S.C. § 841(a)(1). He was committed to the custody of the United States Bureau of Prisons for a total term of 126 months on May 23, 1997. Pratt entered into a plea agreement, which provided, in part, that:

> Understanding that Section 3742 of Title 18 of the United States Code provides for appeal by a defendant of a sentence under certain circumstances and that he may give up or waive the right to appeal, the defendant knowingly and voluntarily waives any and all rights to appeal his sentence on any ground with the exception

of the ground stated in paragraph 11 of this plea agreement. *The defendant also expressly waives the right to attack his sentence in any post-conviction proceeding on any ground.* (Emphasis supplied).

At the change of plea hearing on January 13, 1997, the following dialogue took place:

THE COURT: Paragraph 15 is the paragraph that was referred to earlier wherein you agree to give up any rights that you have to a direct appeal or a collateral attack of any sentence that's imposed in this case except for this one issue of enhancement that we discussed a few minutes ago.

Now the effect of this paragraph 15 is this. In the absence of this paragraph, whatever the Court's sentence was, you could file a notice of direct appeal to the Court of Appeals in Chicago and ask them to review what I have done here and any number of claims you could make, that the Court had acted improperly or a number of other things, including a claim that your own attorney had not effectively represented you.

In addition to a direct appeal, there are some—it is sometimes possible to collaterally attack a sentence imposed by a Court. This is normally done by way of what is called a petition for a writ of habeas corpus in which you would—a person would claim that there was something unlawful, unconstitutional about the sentence that was imposed or the process involved. And, again, that could be based on a wide variety of things, also including a claim that your own attorney had not effectively represented you.

What this paragraph does is with the exception of this one issue about enhancement of ·sentence, you're giving up all rights to a direct appeal, you're giving up all rights to a collateral attack, which means that whatever the sentence of the Court is when it's imposed that day, when you walk out of here that's basically the end of it except for this one issue. Do you understand that?

MR. PRATT: Yes, sir, I do.

THE COURT: Have you discussed this with him separately?

MR. STONE: We have, Judge. The 11(a)(2) position was bargained for by Myron and myself and we have talked about that at length. We don't like it, but we understand it.

THE COURT: I understand.

(Transcript of Change of Plea hearing at 10–11).

Petitioner now seeks relief under § 2255, arguing:

1. That Petitioner's waiver of his right to appeal does not preclude him from raising the issues presented in the instant petition.

2. Counsel was ineffective at sentencing for failing to argue meritorious issues that would have resulted in a shorter sentence.

3. Petitioner's prior Illinois state conviction should not be used to increase his statutory minimum sentence under 21 U.S.C. 841.

4. Petitioner is entitled to an evidentiary hearing on the above issues.

### *Discussion*

The Government argues that this Motion should be dismissed because Petitioner has waived his right to collaterally attack his sentence. Petitioner, however, argues that ineffective assistance claims can be raised on collateral attack, regardless of whether he entered into an otherwise valid waiver. Petitioner states:

It certainly follows that a defendant should always have the right to raise claims of ineffective assistance of counsel since a defendant who waives the right to appeal still has the Sixth Amendment right to effective assistance of counsel after he enters into the plea agreement. The Petitioner's claims in this motion are that counsel was ineffective for failing to raise meritorious issues at sentencing. Additionally, the Petitioner did reserve the right to raise the mandatory minimum issue.

(Memo in Support of Motion at 5).

It is essential to point out at the onset that Petitioner makes no attempt to argue that but for his counsel's ineffective assistance he would not have entered into the plea agree-

ment. Had his counsel's ineffective assistance caused him to waive his right to appeal, today's decision might be different.

The Seventh Circuit has clearly held that waivers of the right to appeal are generally enforceable. *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir.1997); *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 2467, 138 L.Ed.2d 223 (1997); *United States v. Wenger*, 58 F.3d 280, 281–82 (7th Cir.), *cert. denied,* 516 U.S. 936, 116 S.Ct. 349, 133 L.Ed.2d 245 (1995). However, the Court is unaware of any case law from this Circuit specifically holding that § 2255 relief may be similarly waived in a plea agreement. Accordingly, this situation appears to present a case of first impression in the Seventh Circuit.

■ Like the right to pursue a direct appeal from a conviction or sentence, a defendant's right to bring a collateral attack pursuant to § 2255 is statutory. *Feichtinger*, 105 F.3d at 1190; *Woolley*, 123 F.3d at 631–32; *see also United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1993). Such statutory rights are waivable and may be waived in a plea agreement if the waiver is "express and unambiguous" and the record demonstrates that it was "made knowingly and voluntarily." *Woolley*, 123 F.3d at 632; *Feichtinger*, 105 F.3d at 1190. The Fifth Circuit Court of Appeals has addressed the enforceability of a waiver of the right to bring a collateral attack contained in a plea agreement and taken the position that there is no principled means of distinguishing such a waiver from the clearly permissible waiver of appeal rights. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir.1994). To a certain extent, this Court agrees.

When the Court accepted Petitioner's plea of guilty, the Court held a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 "provides protection for those who voluntarily choose to waive their constitutional right to a trial by pleading guilty while ensuring an adequate record to insulate the plea from appellate and collateral attacks." *Key v. United States*, 806 F.2d 133, 136 (7th Cir. 1986). Rule 11 ensures a colloquy that "ex-

poses the defendant's state of mind in the record through personal interrogation." *Id.* Furthermore, defendant's knowledge, understanding, and acknowledgment of the offense to which he is pleading is made a part of the record. *Id.*

The Rule 11 questioning has special importance to collateral proceedings. *Id.* The representations of the defendant at a plea hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding. *Id., citing Thompson v. Wainwright*, 787 F.2d 1447 (11th Cir.1986). Moreover, the defendant's "declarations in open court carry a strong presumption of verity." *Id., citing Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

■ The Court holds that an informed and voluntary waiver of post-conviction relief is generally effective to bar a subsequent attempt to bring a § 2255 motion. *See Wilkes*, 20 F.3d at 653. However, this is not to say that a defendant's waiver of his right to collaterally attack his sentence completely forecloses review under all circumstances. To the contrary, the Court recognizes that such a waiver may not always be enforceable, such as where ineffective assistance of counsel negated the knowing or voluntary nature of the waiver itself, the waiver was a product of coercion, or the trial court relied on some constitutionally impermissible factor, e.g., race, in imposing sentence. Under narrow circumstances such as these, the dictates of justice would require that the defendant be allowed to avoid his waiver and pursue collateral relief as if the waiver did not exist.

Moreover, if this Court were to decide that an appeal waiver was rendered nugatory by *any* allegation of ineffective assistance, seemingly undesirable consequences would result. On direct appeal, an appellant usually cannot allege ineffective assistance. *U.S. v. D'Iguillont*, 979 F.2d 612, 614 (7th Cir.1992). Rather, he will allege simply that some error occurred during trial or sentencing—perhaps, for example, that the quantity of drugs was incorrectly calculated, thereby resulting in an improper sentence. As stated above, when an appellant has waived his appeal

rights, the Seventh Circuit has looked to the knowingness and voluntariness of the waiver as well as satisfying itself that the alleged error did not stem from a constitutionally impermissible factor—such as race or that the sentence exceeded the statutory maximum. If these criteria are met, then the appeal is dismissed without reaching the merits.

It would seem both inefficient and unfair, therefore, to allow that same appellant-cum-petitioner to raise the same argument on collateral attack, but this time clothed in a general allegation of ineffective assistance, in order to be able to have a court address the merits of the petition. It would seem unfair that Prisoner A, who takes a direct appeal a court of appeals holds that he has waived his right to appeal an issue, would look on as Prisoner B gets relief after arguing the same issue on collateral attack.

Petitioner draws the Court's attention to the fact that in the plea agreement he reserved the right to raise the mandatory minimum issue. This, though, does not save the day for Petitioner. The Court reminds the Petitioner of the language contained in the agreement:

> The defendant knowingly and voluntarily waives any and all rights to appeal his sentence on any ground with the exception of the ground stated in paragraph 11 of this plea agreement. *The defendant also expressly waives the right to attack his sentence in any post-conviction proceeding on any ground.* (Emphasis supplied).

The general rule is that plea agreements are to be interpreted in the same manner as contracts. *U.S. v. Lovell,* 81 F.3d 58 (7th Cir.1996). It is well-settled law that contracts are construed in their entirety and all provisions in a contract must be harmonized in order that none are rendered meaningless. *U.S. v. Ataya,* 864 F.2d 1324, 1335 (7th Cir. 1988). While Petitioner appears right that this issue was not waived on *appeal,* in order to give meaning to the last sentence, this Court must conclude that the issue was not reserved for *collateral* review.

To hold that a petitioner may unravel a knowing and voluntary waiver on collateral attack by making general allegations about

his counsel's ineffective assistance (allegations which do not bear on the sufficiency of the waiver itself) would exalt form over substance.

### Conclusion

Petitioner, Myron Pratt's, Motion to Vacate and Modify Petitioner's Conviction and/or Sentence Pursuant to 28 U.S.C. § 2255[# 1] is DISMISSED. This case is TERMED.