Ciro GARGANO, Petitioner–Appellant,

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 87–2496.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 17, 1988.

Decided July 26, 1988.

Myron J. Hack, Chicago, Ill., for petitioner-appellant.

Theodore T. Poulos, Asst. U.S. Atty. (Anton Valukas, U.S. Atty.), U.S. Attorney's Office, Chicago, Ill., for respondent-appellee.

Before BAUER, Chief Judge, and WOOD, Jr. and COFFEY, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.

On May 24, 1985, the petitioner-appellant and a codefendant, Horace Crayton, were charged with knowingly distributing approximately one pound of a mixture containing cocaine. On June 21, 1985, a grand jury returned a five-count indictment against the petitioner and Crayton. Defendant was arraigned on June 28, 1985, and entered a plea of not guilty to all counts. Various pretrial motions were processed.

On October 7, 1985, a grand jury returned a ten-count superseding indictment naming only the petitioner. Counts one through five charged him with the same offenses as the original indictment. Count six contained an additional charge of possession and distribution of cocaine. Counts seven, eight, and nine each charged petitioner with possession of a firearm by a convicted felon. Count ten charged petitioner with possession of firearms not registered to him in the National Firearm Registration and Transfer Record. On October 16, 1985, petitioner was arraigned on the superseding indictment and entered a plea of not guilty to all ten counts. The petitioner filed additional pretrial motions.

On December 9, 1985, a second superseding indictment consisting of eight counts was returned. The three counts of possession of a firearm by a convicted felon (numbers seven, eight, and nine) in the previous indictment were condensed into a single count seven. Defendant was arraigned on the second superseding indictment on December 20, 1985, and entered a plea of not guilty to all counts.

On January 27, 1986, petitioner withdrew his plea of not guilty and, pursuant to a plea agreement, entered a plea of guilty to counts one, two, five, and eight of the second superseding indictment. The government agreed to dismiss the other counts. The court entered judgment on the plea, and sentenced the petitioner to an agreed-upon term of fourteen years' incarceration.

On July 17, 1986, the petitioner filed pro se motions to correct or reduce sentencing or withdraw the plea of guilty, accompanied by an "Affidavit of Reliance." The petitioner and the government filed various briefs and memoranda regarding these motions. On March 23, 1987, while the motions were pending, the petitioner filed a petition for writ of habeas corpus. 28 U.S.C. § 2255.

On May 14, 1987, the district court denied petitioner's motion for correction or reduction of sentence and to withdraw his guilty plea, and denied and dismissed the petition for a writ of habeas corpus. The petitioner filed a notice of appeal on the same day.

On May 18, 1987, the petitioner filed with the district court a motion to reconsider the previous motions. This court found that the motion to reconsider nullified the notice of appeal, and the petitioner's appeal was therefore dismissed. *United States v. Gargano*, 826 F.2d 610 (7th Cir.1987).

On September 15, 1987, the petitioner sought and was granted leave to withdraw his motion to reconsider. On the same day, he filed another notice of appeal, which has resulted in this opinion. On appeal, the sole issue is whether the petitioner failed to receive effective assistance of counsel in regard to his plea of guilty.

## I. FACTUAL BACKGROUND

Beginning in or about March of 1985, through May 23, 1985, the petitioner and Crayton conspired to distribute cocaine. The two participated in five narcotics transactions with undercover government agents. Pursuant to the execution of a search warrant at the petitioner's place of business, agents also discovered two .22 caliber rifles, a .22 caliber pistol, and two improvised hand grenades.

Following his arrest on May 23, 1985, the petitioner confessed to having delivered one pound of cocaine to Crayton, who in turn sold the cocaine to an agent of the Drug Enforcement Administration. He also confessed to having supplied cocaine to Crayton over a period of time, stating that he sold cocaine for approximately two years from his place of business at Lake County Music. The petitioner admitted that he possessed the two hand grenades and the firearms.

According to the government, the counts in the indictments were alleged in such a way as to potentially expose petitioner to an enhanced mandatory sentence of fifteen years' incarceration under the Armed Career Criminal Act of 1984, 18 U.S.C.App. § 1202(a) (repealed 1986) (ACCA or the Act).[1] The indictment charged that the petitioner previously had been convicted of three felonies for robbery or burglary. Count seven of the second superseding indictment alleged that the petitioner previously had been convicted of the following crimes:

1) Assault and theft while armed, December 23, 1949, Kenosha County, Wisconsin.
2) Burglary, October 10, 1958, Stephenson County, Illinois.
3) Burglary and armed violence, November 3, 1971, Lake County, Illinois.
4) Possession of a firearm by a convicted felon, January 24, 1984, United States District Court for the Northern District of Illinois.

The petitioner filed a motion to dismiss the counts in the first superseding indictment that became count seven in the second superseding indictment. He argued in his supporting memorandum that the indictment did not allege sufficient predicate offenses to expose petitioner to an enhanced sentence of fifteen years. Specifically, the petitioner noted that the 1984 conviction for possession of a firearm by a convicted felon was not a predicate offense of robbery or burglary as the ACCA requires. The petitioner also contended that the 1949 conviction for theft while armed was not listed in the ACCA as a predicate act, and similarly was insufficient to ex-

1. 18 U.S.C.App. § 1202(a) provides in pertinent part as follows:
Any person who—
(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, ...
....
and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both. In the case of a person who receives, possesses, or transports in commerce or af-

fecting commerce any firearm and who has three previous convictions by any court referred to in paragraph (1) of this subsection for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

pose the petitioner to enhanced sentencing under the Act.

The court denied the petitioner's motion to dismiss count seven because the count alleged at least one prior felony that fell within the statutory requirement. The court found, however, that the indictment did not adequately inform the petitioner that the government was seeking enhanced sentencing. If the government chose to pursue only the sentence that would be imposed on a convicted felon who possessed a firearm, then, the court found, the indictment was sufficient. But the court ruled that if the government decided to pursue enhanced sentencing it would have to notify the court and agree to a preliminary hearing on the adequacy of the indictment.

About five weeks later, the petitioner entered into a plea agreement with the government under which the petitioner agreed to plead guilty to counts one (conspiracy to possess with intent to distribute cocaine), two and five (possession and distribution of cocaine), and eight (possession of firearms not registered to him). The government dismissed all the remaining counts, including count seven.

On January 27, 1986, the petitioner pled guilty to the four counts. The court advised the petitioner of the rights he would be waiving as a result of his guilty plea, the nature of the charges to which he was pleading guilty, the evidence in support of the charges, and the penalties he could face under the charges. The petitioner's counsel stated that a factor in the petitioner's agreement to a fourteen-year sentence was the possibility that he would be sentenced to a mandatory fifteen-year to life sentence under the ACCA. Defense counsel admitted that because the petitioner would be unlikely to gain acquittal on the matters to which he had earlier confessed, neither he nor his client wanted to gamble with sentencing.

Defendant was sentenced to fourteen years' imprisonment and a special parole term of fifteen years. About four months later the petitioner moved pro se to correct or reduce his sentence or withdraw his guilty plea, claiming that his counsel had failed to provide him with effective assistance. In his memorandum in support of the motions, however, the petitioner acknowledged that "if the case merely returns to the active docket on a reinstated plea of not guilty a plea-bargained result remains the most likely outcome." When these and a later section 2255 motion were eventually denied, the court stated that it found defense counsel's concern about exposure under the ACCA to be legitimate, and moreover, because the petitioner had admitted several charges in the indictment, the court found no likelihood that the result of the proceedings would have been different had the petitioner pled not guilty, citing *Key v. United States*, 806 F.2d 133 (7th Cir.1986).

## II. DISCUSSION

The petitioner contends that his guilty plea and sentence should be set aside because of his counsel's ineffective assistance. Specifically, the petitioner claims that counsel failed to properly challenge the petitioner's exposure to a mandatory minimum sentence of fifteen years' imprisonment under the ACCA. The petitioner believes that because the 1949 conviction could not have been used as a predicate offense under the Act, he was not subject to the enhanced sentencing. The petitioner also asserts that counsel incorrectly advised him that, if convicted as an armed career criminal, he could have received up to life in prison. As a third example of counsel's alleged ineffective assistance, the petitioner notes that his counsel failed to correct the government's error in stating that he could be sentenced to twenty years' incarceration for the offense of possession of unregistered firearms. The government now concedes that the petitioner was subject only to a ten-year sentence on that charge. The net effect of these errors and misrepresentations, according to the petitioner, was that his guilty plea was not voluntarily submitted.

The Supreme Court described the standard for courts evaluating the assistance of counsel with regard to guilty pleas in *Hill*

v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56, 106 S.Ct. at 369 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). In order to prevail, the defendant must show that his "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Moreover, the defendant must establish that his counsel's performance prejudiced him. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. In order to satisfy this prejudice component of the test in the context of a plea of guilty, "the defendant must show that ..., but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370 (footnote omitted). In demonstrating prejudice, "a defendant must do more than merely allege a promise by counsel; he or she must provide some evidence that allows the court to meaningfully assess his or her claim." *Key v. United States*, 806 F.2d 133, 139 (7th Cir.1986). Mere allegations that the defendant "would have pleaded differently and gone to trial" are insufficient. *Id.* "The defendant must be able to show that there is a reasonable probability that the result of the proceeding would be different." *Id.*

## A. Counsel's Competence

In evaluating the performance of trial counsel, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. The petitioner first argues that his counsel failed to adequately challenge his exposure to enhanced sentencing

under the ACCA. We disagree. In his motion to dismiss count seven of the second superseding indictment, defense counsel challenged the use of petitioner's 1949 conviction as a predicate offense under section 1202(a). He argued in his supporting memorandum that theft while armed, because it was not listed in section 1202(a) as a predicate offense, was insufficient to give rise to enhanced sentencing under the ACCA. Defense counsel also presented other arguments that were rejected by the district court; this, however, does not detract from the fact that defense counsel recognized and relied on the very argument that the petitioner now suggests was overlooked. We find that defense counsel's performance on this point was adequate.

■ The district court denied petitioner's motion to dismiss count seven, but reserved ruling on the issue of whether the 1949 conviction could be used as a predicate offense, in light of the government's assertion that it constituted a "robbery" and thus was within section 1202(a). Counsel was thus justified in discussing with the petitioner the possibility of sentencing under the ACCA. And although a life sentence under the Act may have been unlikely, it was not impossible. *See United States v. Jackson*, 835 F.2d 1195, 1197 (7th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1244, 99 L.Ed.2d 442 (1988).

■ Even if, as the petitioner suggests, his counsel erred in failing to correct the government's representation that count eight (possession of unregistered firearms) carried a maximum penalty of twenty years' incarceration, he did not fail to provide effective assistance by counseling the petitioner to enter into the guilty plea. Even assuming that the ACCA count would be dismissed, and correcting the maximum sentence possible under count eight to ten years rather than twenty, the petitioner faced a maximum sentence under all counts of the second superseding indictment of 102 years. The petitioner could not have mounted an effective defense to many of these charges. After his arrest, with the advice of counsel, the petitioner admitted that he was dealing in cocaine while serv-

ing both the work release and probationary portions of a sentence received for an earlier section 1202(a) conviction. He also admitted to having possessed two hand grenades and the firearms found on his business premises. Several government witnesses were available to testify about their surveillance of the petitioner and his coconspirator. Petitioner, in his motions to correct or reduce sentence or withdraw his plea of guilty, acknowledged the difficulty of his position: "Defendant concedes that when the overstated and inapplicable features of the prosecution against him have been removed a not insubstantial series of short-term drug violations will remain; and as to them defendant concedes that he probably has little realistic hope of mounting an effective defense." Counsel's advice to petitioner to plead guilty rather than proceed to trial was well within the range of competence demanded of criminal attorneys.

### B. Prejudice

■ The petitioner attempts to demonstrate that he was prejudiced by his counsel's alleged errors with the statements in his "Affidavit of Reliance." The affidavit, however, does not state that the petitioner would have insisted on going to trial; it states only that the petitioner, had he been better advised, would not have accepted the sentence or entered into *that* agreement. We have already held that mere allegations by a defendant that he would have pleaded differently and insisted on going to trial are insufficient to establish prejudice, *Key v. United States*, 806 F.2d 133, 139 (7th Cir.1986); allegations that do not go even that far are clearly inadequate. Moreover, the petitioner admitted in a memorandum that a plea-bargain would be the most likely outcome were the case to return to the active docket.

The petitioner has made no showing that there is any probability, much less a reasonable one, that the result of any further proceeding would be different. He does not suggest that he is not guilty. He only suggests that he should have had the opportunity to strike a harder bargain with the government. This is not enough to establish prejudice.

### III. CONCLUSION

We find the district court's denial of petitioner's petition for a writ of habeas corpus to be entirely proper. Petitioner, who argues only that he was not provided effective assistance of counsel, is unable to demonstrate that his counsel's advice to him was incompetent, or that he was prejudiced in any way by counsel's performance. The judgment of the district court is, therefore,

AFFIRMED.