114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gibson NWAFOR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3864.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1997.*
Decided May 7, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Gibson Nwafor was convicted by a jury of conspiring to import heroin into the United States from Nigeria for distribution in Chicago, in violation of 21 U.S.C. § 846, and of structuring financial transactions to avoid Internal Revenue reporting requirements in violation of 31 U.S.C. §§ 5324 and 5322(a). Nwafor was sentenced to 160 months' imprisonment, and pursued an unsuccessful direct appeal. United States v. Emenogha, 1 F.3d 473 (7th Cir.1993), cert. denied sub nom., Nwafor v. United States, 510 U.S. 1080 (1994). Nwafor then filed the present motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, alleging that his indictment was constitutionally deficient and that he was deprived of his Sixth Amendment right to effective assistance of trial and appellate counsel. Nwafor now appeals from the district court's judgment denying his motion. (R. at 190.) Because Nwafor has not demonstrated any error in the district court's judgment, we affirm.
 
 
 2
 Pursuant to Federal Rule of Criminal Procedure 7(c)(1), "[t]he indictment ... shall be signed by the attorney for the government." Fed.R.Crim.P. 7(c)(1). Nwafor argues that his indictment, which was signed by "Acting United States Attorney Joan B. Safford" (R. at 25), does not satisfy the federal rule, and thus violates his constitutional right, rooted in the Fifth Amendment, to stand trial only on charges presented to and accepted by a grand jury. (Pet.'s Br. at 6-9.) Nwafor reasons that the defective indictment invalidated the grand jury proceedings and rendered his subsequent conviction unconstitutional. But Nwafor failed to challenge the sufficiency of the indictment at trial or on direct appeal. Thus, we are constrained from collaterally considering this constitutional claim unless Nwafor demonstrates "cause" for and "prejudice" from this procedural default, see United States v. Frady, 456 U.S. 152, 166-168 (1982), or that the error caused a "miscarriage of justice" by convicting one who is actually innocent, Schlup v. Delo, 513 U.S. 298 (1995); Murray v. Carrier, 477 U.S. 478 (1986).
 
 
 3
 Contrary to the government's assertion that the "defendant has offered no explanation for his procedural default," (Gov.'s Br. at 19), we construe Nwafor's argument to be that his procedural default was "caused" by the failure of his trial and appellate counsel, Carl Odim, to properly challenge the sufficiency of the indictment. (Pet.'s Br. at 28.) However, this position is not legally supported. Safford's signature satisfies Rule 7(c)(1). See Fed.R.Crim.P. 54(c) (providing that "attorney for the government" includes any "authorized assistant of a United States Attorney"). Moreover, this court has held that the United State's Attorney's signature is not essential to an indictment. See United States v. Wright, 365 F.2d 135, 137 (7th Cir.1966), cert. denied, 386 U.S. 918 (1967). Because the indictment was not defective, his counsel's failure to challenge it does not constitute deficient performance, see United States v. Evans, 92 F.3d 540, 544 (7th Cir.), cert. denied, 117 S.Ct. 537 (1996) (noting that it does not constitute deficient performance to raise a meritless claim), and thus cannot constitute "cause" for Nwafor's procedural default.[1]
 
 
 4
 Nwafor's § 2255 motion also alleges a separate Sixth Amendment violation as a ground for vacating his conviction and sentence. Specifically, he claims that his counsel performed deficiently by filing several pre- and post-trial motions that failed to cite proper authority or cited authority "inapposite" to the asserted proposition.[2] (Pet.'s Br. at 23-25.) The district court denied his motion, noting that Nwafor failed to show that his counsel performed deficiently or that his counsel's alleged errors prejudiced Nwafor's defense. (R. at 189.) See Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 5
 On appeal, Nwafor acknowledges the overwhelming authority supporting the government's response to his counsel's motions.[3] Nevertheless, he argues that his counsel performed deficiently, as required by Strickland, by failing to cite the cases Nwafor cites in his appellate brief. (Pet.'s Br. at 38-40.) But aside from a general assertion that his case is analogous to the cited cases, he has not explained how these cases would have supported the motions or how his counsel's failure to cite these cases undermined the validity of his conviction. In any event, the record shows that each motion was properly presented and was within the range of competent professional assistance. It is clear that Nwafor's complaints are based more on the outcome of the motions as opposed to their content. Hence, Nwafor has not demonstrated his counsel's deficient performance.
 
 
 6
 Even assuming that Nwafor's counsel performed deficiently by not supporting his motions with the cases Nwafor cites in his brief, Nwafor is not entitled to relief pursuant to § 2255 unless he also demonstrates that this deficiency prejudiced his defense, meaning that but for counsel's errors, the result of the proceedings would have been different, see Strickland, 446 U.S. at 694; United States v. Carter, No. 96-1553, slip op. at 7 (April 11, 1997), or that his counsel's performance resulted in a fundamentally unfair or unreliable trial, see Lockhart v. Fretwell, 506 U.S. 364, 368-69 (1993). Nwafor fails to make this showing; indeed, he does not challenge the district court's statement that "the evidence, properly presented in the trial of defendant Nwafor, was more than sufficient to convict him." (R. at 189.) See United States v. Hatterman, 853 F.2d 555, 559 n. 9 (7th Cir.1988) (noting that a petitioner's failure to explain prejudice results in non-review of the issue); Gargano v. United States, 852 F.2d 886 (7th Cir.1988) (noting that mere allegations of prejudice are insufficient to satisfy Strickland ). Furthermore, this is not a case like United States v. Cronic, 466 U.S. 648 (1984)--one of the cases Nwafor cites in support of his claim--where we presume prejudice based on counsel's performance that was so lacking as to result in a constructive denial of counsel. Id. at 654-55. To the contrary, Nwafor's counsel actively represented Nwafor, filing several pre- and post-trial motions and raising several arguments on appeal.[4] That he did not raised groundless arguments does not constitute prejudice. See Evans, 92 F.3d at 544. Hence, Nwafor is not entitled to relief under § 2255 based on ineffective assistance of counsel and we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Although our decision makes it unnecessary to discuss whether Nwafor demonstrated prejudice from his procedural default, we note that such an argument would face an uphill battle. See United States v. Lamantia, 59 F.3d 705, 708 (7th Cir.1995) (vacating dismissal of indictment because a procedural deficiency in the indictment does not prejudice the defendant or undermine the structural integrity of the grand jury), cert. denied, 116 S.Ct. 711 (1996); United States v. Murphy, 768 F.2d 1518, 1534 (7th Cir.1985) (noting that "[a]ny possible prejudice to the defendant [caused by a deficient indictment] disappears when a constitutionally valid jury finds him guilty beyond a reasonable doubt") (citing Rose v. Mitchell, 443 U.S. 545, 575 (1979)), cert. denied, 475 U.S. 1012 (1986)
 
 
 [2]
 Nwafor specifically challenges his counsel's legal research and analysis set forth in his Motion for an Order Excluding Audio Tapes, Motion for a Bill of Particulars, Motion for Hearing on the Admissibility of Co-Conspirators, Motion for an Order Revoking Detention Order, and Motion for Judgment of Acquittal or New Trial. (Pet.'s Br. at 22-25.) He also challenges his counsel's Motion to Adopt Motions of Other Defendants. Nwafor contends that his counsel erred in relying on his co-defendants' motions because their motions also were not adequately supported. (Pet.'s Br. at 25.)
 
 
 [3]
 Nwafor notes that the government cited more than twenty cases against the merits of his motions. (Pet.'s Br. at 23-25.)
 
 
 [4]
 In addition to the motions noted supra note 1, Nwafor's counsel filed a pre-trial Motion for an Order Striking Prejudicial Surplusage from the Indictment; Motion to Dismiss and Strike Portions of Indictment; Motion for Order Requiring Government Agents to Retain Rough Notes, and Motion to Suppress Illegally Seized Evidence. (R. at 53-61.) The district court denied all of Nwafor's pre-trial motions, except the Motion to Suppress, in a written opinion dated February 14, 1991 (R. at 72). The district court subsequently denied Nwafor's motion to suppress after conducting a suppression hearing. (R. at 76.) Nwafor's counsel also filed a competent Motion for Judgment of Acquittal or New Trial (R. at 109) and Objections to the Pre-Sentence Investigation Report (R. at 119)