Filed 1/7/04

STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CR-02-469

DARRELL PARSONS,

    Petitioner

v.

STATE OF MAINE,

    Respondent

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

JAN 29 2004

This matter is before the court on the amended petition for post-conviction review filed by Darrell Parsons who asserts that his guilty pleas to two counts of burglary and two counts of theft in this court on April 25, 2002, were involuntarily entered and/or the attorney who represented him on this occasion was ineffective. A testimonial hearing was conducted on the petition and it is now in order for disposition.

Addressing ground two of the amended petition first, it alleges that at the time of the Rule 11 hearing, Parsons was taking significant medications with the result that he was confused and impaired so that the guilty pleas he entered that date must be considered unknowing and involuntary.

The burden of proof to support the claims in a post-conviction case rests with the petitioner. *Parkinson v. State*, 558 A.2d 361, 362 (Me. 1989). In the court's view, the petitioner has not met that burden. At the Rule 11 hearing he told the court that he had taken no drugs that day, legal or illegal, and knew of no reason why the court should not proceed with his case that day. Tr., p. 4. He also told the court that he understood everything that was taking place in court that day, had no questions, and knew of no reason why the court should not accept his pleas of guilty. Tr., p. 18.

Not only does this record directly contradict the petitioner's recent testimony, it also conflicts with the testimony of John O'Donnell, his attorney, whom the court finds to be credible, that he observed no sign of impairment on his client's part at the Rule 11 hearing.

Moreover, the court was provided no jail records to indicate what drugs the petitioner either should have taken, or did take, that day, nor was the court told by a witness competent to testify on the subject what effect the drugs he claims to have taken might be. For all the court knows, the prescription drugs listed in ground two of the amended petition, if consumed, might assist the petitioner at a Rule 11 hearing rather than impair him.

In sum, the court cannot find that the petitioner has met his burden of persuasion that he was confused or impaired when he entered his guilty pleas on April 25, 2002, so that those pleas ought to be considered unknowing or involuntary and therefore set aside.

In ground one of the amended petition, the petitioner claims the attorneys who represented him in Kennebec, Somerset and Cumberland Counties on his various cases were ineffective in that they allowed the District Attorney for Kennebec and Somerset Counties to renege on a plea agreement, never discussed with him the law concerning multiple offenses occurring on the same day as that factor may relate to concurrent sentencing, pressured him into pleading guilty, and discouraged him from attempting to enter an "open" plea. As a result of all these alleged affronts to his right to effective counsel, the petitioner says his pleas were involuntary. Because none of these contentions have merit, this ground for post-conviction relief will also fail.

Apparently, the petitioner was on probation in Cumberland County when he committed the alleged burglaries in Kennebec and Somerset Counties. He was charged

in Kennebec first, however, and John O'Donnell was appointed to represent him. After his arraignment on the Kennebec burglaries, District Attorney David Crook, on October 19, 2001, offered attorney O'Donnell a disposition of 10 years all but eight years suspended, four years probation, "10/8/4," on the Kennebec and Somerset charges to be served concurrently with any Cumberland disposition where the petitioner's exposure was four years, eight months of previously suspended incarceration. This offer was relayed to the petitioner who rejected it. This offer was also relayed by Mr. O'Donnell to Robert Conkling, the petitioner's attorney in Somerset County along with the advice that their client's goal was to obtain a suspended sentence on his Kennebec and Somerset charges, consecutive to the Cumberland County case.

Shortly thereafter, the petitioner had his initial appearance on the Cumberland probation revocation motion, Mr. O'Donnell having arranged to have a probation hold placed on his client because he could not make bail on the Kennebec charges so that any time he might be held would be credited against the Cumberland revocation order when it issued. Attorney Howard O'Brien was appointed to represent the petitioner in the Cumberland case.

On February 26, 2002, Assistant District Attorney Everett Fowle, who worked for Mr. Crook and was assigned to Somerset County, offered attorney Conkling, who represented the petitioner on the burglary charge in that county, a five year fully suspended sentence with four years probation on that charge to be served consecutively to any disposition in Cumberland County. On March 4, 2002, attorney Conkling relayed that offer to his client, but the petitioner rejected this resolution unless it included the Kennebec charges. Accordingly, on March 6, 2002, attorney O'Donnell, aware of his client's wishes, spoke with Mr. Crook concerning the offer of a consecutive, suspended five-year sentence on the Kennebec charges as well. In the meantime, he

had confirmed with attorney O'Brien that the potential of a consecutive suspended sentence for the petitioner had been discussed between Mr. Fowle and the Cumberland District Attorney's Office. On the sixth, however, District Attorney Crook declined to agree to include the Kennebec charges in Mr. Fowle's offer, telling Mr. O'Donnell, "lets see what happens in Cumberland, then we'll talk."[1]

The following day, March 7, 2002, the petitioner admitted to the probation violation motion in Cumberland County, and four years of the previously suspended sentence was imposed.

From this history, it is apparent that the petitioner was neither offered, nor had accepted, a consecutive suspended sentence for his Kennebec and Somerset charges upon his admission to the Cumberland probation violation. That being so, it necessarily follows, there being no evidence to the contrary, that the petitioner was not induced to admit to the Cumberland probation violation by virtue of a particular promised disposition in Kennebec and Somerset counties.

Also on March 7, 2002, perhaps because the petitioner had rejected the offer of a consecutive suspended sentence on the Somerset charges, Mr. Fowle offered Mr. Conkling five years of unsuspended incarceration on the Somerset burglary concurrent with the Cumberland disposition. Mr. Conkling recommended that his client accept this offer, in a letter dated March 12, 2002, and, on April 8, 2002, the petitioner replied that he would accept that disposition on the Somerset case.

On April 9, 2002, District Attorney Crook offered attorney O'Donnell 10 years, all but six years suspended, four years probation, "10/6/4" or seven years "straight time" on the petitioner's charges in Kennebec and Somerset Counties, concurrent with the

---

[1] Although there was no testimony on this point, it is reasonable to infer that Mr. Crook did not want to commit to fully suspended sentences for three burglaries in his district until he knew what would happen in Cumberland County in a case he was powerless to affect.

Cumberland County case. Mr. O'Donnell conveyed that offer to his client on April 11. That day or the day following, Parsons told Mr. O'Donnell that he would accept the 10/6/4 offer, but then wrote to his counsel on April 12 suggesting he plead "open" with a "cap" of six years concurrent "and see what the judge says." State's Exhibit 2.[2] On April 19, 2002, however, the petitioner called Mr. O'Donnell and agreed to accept Mr. Crook's offer of a sentence of 10/6/4 on the Kennebec and Somerset charges, concurrent with the Cumberland probation revocation. Accordingly, April 25, 2002, was set as the date for the Rule 11 hearing on the Kennebec and Somerset charges.

On that date, the petitioner met with Mr. O'Donnell and again raised the issue of a cap but was dissuaded from this position by his attorney who told him that that was not part of the agreement and not in his best interest. Mr. O'Donnell must have told Mr. Parsons this for the obvious reason that a departure from the agreed-upon disposition exposed him to a more onerous sentence.[3]

In the end, while the petitioner was unhappy with the final disposition he had agreed to, he, in his counsel's view, was resigned to accept what was going to happen as a result of the crimes he committed in Kennebec and Somerset Counties. More to the point, there is no evidence that the petitioner was coerced or misadvised into accepting this disposition. That he felt pressured in the sense that he believed if he did not accept the 10/6/4 offer, it would be withdrawn and replaced with a less favorable recommendation is understandable, but that pressure – a common circumstance in plea

---

[2] It is apparent from this letter and the petitioner's testimony at the hearing that he has confused the concepts of an open plea and a plea with a "cap" recommendation.

[3] As noted in footnote 2, supra, the petitioner has confused open pleas and cap pleas. Under the former, there is no agreement and Mr. O'Donnell appropriately cautioned against an open plea which would theoretically expand his client's exposure to maximum consecutive sentences on the three burglaries which could be imposed consecutively to the Cumberland case because the petitioner committed the Kennebec and Somerset crimes while on probation, 17-A M.R.S.A. § 1256(2)(B), and had a serious criminal record. Id., § 1256(2)(D). Tr., pp. 19-20, 23-24. Also, Mr. O'Donnell correctly advised his client that a "cap" would be contrary to the agreement with the District Attorney and would permit him, as per current practice, to either withdraw his offer or agree to a greater sentence as the cap.

negotiations – did not rise to a level so that this court might find that the petitioner's will was overcome and that his plea was involuntary. Indeed, it is plain that throughout the pendency of the underlying charges, the petitioner wanted to plead guilty and have his lawyers get the best possible "deal" for him. *See, e.g.,* State's Exhibit 7, 8; Tr., p. 15. If, in hindsight, he believes he, or they, could have done better, he has no objective proof of that. Indeed, the testimony at the hearing on the petition demonstrates that the petitioner's lawyers in Kennebec and Somerset Counties cooperated with one another to achieve the best result possible for their client;[4] his current dissatisfaction with that result does not mean these attorneys were ineffective. *LaFerriere v. State,* 1997 ME 169, ¶ 7, 697 A.2d 1301, 1304-05. That is to say, the petitioner has failed to demonstrate that his attorneys, either individually, or collectively, provided representation which fell below that which might be expected of an ordinary, fallible attorney. *State v. Brewer,* 1997 ME 177, ¶ 16, 699 A.2d 1139, 1144.

In this regard, for the sake of a thorough disposition of the pending petition, it must also be concluded that the alleged error of counsel in not discussing with the petitioner "whether Maine law required that the burglaries in different counties be considered a single course of conduct for sentencing purposes," Amended Petition, is also a meritless claim. By this argument, the court understands that the petitioner is asserting that his attorneys did not explain to him that the Criminal Code mandates

---

[4] The petitioner can have no complaint with his sentence on the Somerset County charges for which he received a "straight" sentence of three years concurrent with the Kennebec and Cumberland dispositions. Tr., p. 26. As such, it appears he received no additional penalty for these crimes and that he will complete that sentence at or before the time he completes the Cumberland sentence as the two run concurrently – a better "deal" than either of those he says the District Attorney reneged on. Obviously then, even if the petitioner could show that his attorney in Somerset was ineffective, a finding which the court must decline, he can demonstrate no prejudice from such alleged ineffectiveness – a necessary element before this petition could be successful. It is, perhaps, for these reasons that the petitioner has challenged only the disposition on the Kennebec charges.

concurrent sentences unless specific findings are made which permit consecutive sentences. *See* 17-A M.R.S.A. § 1256(2).

Because the petitioner did receive concurrent sentences such an error resulted in no prejudice to him. Secondly, as noted at footnote 3, *supra*, this was a case in which the petitioner could have received consecutive sentences. Thus, there is no basis to conclude that this alleged misstep by counsel can either support a claim of ineffectiveness or demonstrate prejudice.

In conclusion, the court finds that the petitioner has failed to establish that his attorney or attorneys were ineffective in their representation of him in his various matters resulting in a Kennebec County sentence of 10 years all but six years suspended and four years probation, concurrent with a three-year Somerset County disposition and a four-year Cumberland County probation revocation. Nor, as noted *infra*, can the court find that the Kennebec/Somerset District Attorney's Office reneged on any plea agreements either because such agreements were never accepted by the petitioner or because he ultimately received a better disposition than what was allegedly offered and therefore suffered no prejudice.. Finally, the court finds that the petitioner voluntarily and knowingly entered guilty pleas to offenses he committed; that is, his decision to plead guilty was the knowing and voluntary choice of a guilty person. *LaFerriere v. State, id.*, ¶ 8, 697 A.2d at 1305. Not only is there no proof that this decision was affected by medications, it must be found that this post-conviction case is simply a matter of a rightly convicted individual who now laments that he and his attorneys failed to strike a better bargain. That is not enough to succeed in a post-conviction review case. *Gargano v. U.S.*, 852 F.2d 886, 891 (7th Cir. 1988).

Based on the foregoing, the clerk is directed to make the following entry:

Amended Petition for Post-Conviction Review is DENIED.

So ordered.

Dated: January 7, 2004

John R. Atwood
Justice, Superior Court

DARRELL PARSONS
   vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2002-00469

## DOCKET RECORD

PL. DOB: 06/10/1976
PL. ATTY: HENRY GRIFFIN
         LAW OFFICE OF HENRY W GRIFFIN
         37 PARK ST  SUITE 204
         LEWISTON ME 04240
         APPOINTED 01/08/2003

State's Attorney: PAUL RUCHA

Filing Document: PETITION
Filing Date: 12/04/2002

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

12/10/2002 FILING DOCUMENT -  PETITION FILED ON 12/04/2002

           PETITION FOR POST CONVICTION REVIEW, STATEMENT OF FACTS & SUPPORTING MEMORANDUM FOR
           PETITION OF POST CONVICTION REVIEW AND ATTACHED COPIES OF LETTERS, FILED.
12/10/2002 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 12/10/2002

           ALL PAPERWORK SENT TO JOHN SIMMONS, LAW CLERK TO JUSTICE HUNTER, TO PENOBSCOT SUPERIOR
           COURT.
12/10/2002 NOTE -  OTHER CASE NOTE ENTERED ON 12/10/2002

           CERTIFICATE OF PRISONER'S ACCOUNT AND MOTION FOR APPOINTMENT OF COUNSEL FORMS MAILED TO
           PETITIONER.
01/08/2003 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 12/31/2002
           E ALLEN HUNTER , JUSTICE
01/08/2003 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 01/02/2003

01/08/2003 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 01/08/2003

           COPY TO PARTIES/COUNSEL
04/07/2003 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 04/07/2003

04/08/2003 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY STATE ON 04/07/2003

04/09/2003 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 04/08/2003
           DONALD H MARDEN , JUSTICE
           COPY TO PARTIES/COUNSEL     STATE'S RESPONSE TO AMENDED PETITION HAS BEEN INCREASED TO 20
           DAYS FROM THE DATE THE STATE RECEIVES THE REQUESTED TRANSCRIPT.
04/25/2003 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 04/25/2003

           RESPONDENT'S ANSWER TO THE PETITION FOR POST-CONVICTION.
07/23/2003 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 07/14/2003
           JOHN R ATWOOD , JUSTICE
           PER SPECIAL ASSIGNMENT ORDER OF CHIEF JUSTICE NANCY MILLS
09/29/2003 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 12/29/2003 @ 9:00

           NOTICE TO PARTIES/COUNSEL

Printed on: 01/08/2004

09/29/2003 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 09/30/2003

12/19/2003 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 12/19/2003

CERTIFIED COPY TO SHERIFF DEPT.
12/29/2003 HEARING - EVIDENTIARY HEARING HELD ON 12/29/2003
JOHN R ATWOOD , JUSTICE
Attorney: HENRY GRIFFIN
DA: PAUL RUCHA          Reporter: JANETTE COOK
Defendant Present in Court

PETITIONER'S WITNESSES: DARRELL PARSONS; STATE WITNESSES: JOHN O'DONNELL AND ROBERT CONKLING
12/29/2003 CASE STATUS - DECISION UNDER ADVISEMENT ON 12/29/2003
JOHN R ATWOOD , JUSTICE
12/29/2003 WRIT - HABEAS CORPUS TO TESTIFY EXECUTED ON 12/29/2003

12/29/2003 WRIT - HABEAS CORPUS TO TESTIFY REMANDED ON 12/29/2003
JOHN R ATWOOD , JUSTICE
01/08/2004 FINDING - DENIED ENTERED BY COURT ON 01/07/2004
JOHN R ATWOOD , JUSTICE
DECISION AND ORDER FILED

## Exhibits

12/29/2003  STATE, Exhibit#1, COPY OF OCTOBER PLEA AGREEMENT, Adm w/o obj on 12/29/2003.
12/29/2003  STATE, Exhibit#2, LETTER FROM ATTORNEY CONKLING TO DARRELL PARSONS, Adm w/o obj on 12/29/2003.
12/29/2003  STATE, Exhibit#3, COPY OF LETTER DATED 3/18/02 BY DARRELL PARSONS TO JOHN O'DONNELL, Adm w/o obj on 12/29/2003.
12/29/2003  STATE, Exhibit#4, LETTER DATED 3/27/02 BY DARRELL PARSONS TO JOHN O'DONNELL, Adm w/o obj on 12/29/2003.
12/29/2003  STATE, Exhibit#5, LETTER FROM JOHN O'DONNELL TO ROBERT CONKLING, Adm w/o obj on 12/29/2003.
12/29/2003  STATE, Exhibit#6, COPY OF APRIL PLEA AGREEMENT, Adm w/o obj on 12/29/2003.
12/29/2003  STATE, Exhibit#7, COPY OF LETTER DATED 4/12/02 WROTE BY DARRELL PARSONS TO JOHN O'DONNELL, Adm w/o obj on 12/29/2003.
12/29/2003  STATE, Exhibit#8, COPY OF LETTER FROM DARRELL PARSONS TO JOHN O'DONNELL, Adm w/o obj on 12/29/2003.

A TRUE COPY
ATTEST: _____
                    Clerk